(581 P.2d 1198)
No. 49,051

WAYNE GATEWOOD, *Appellant,* v. FLOYD E. BOSCH, *Appellee.*

Opinion filed August 4, 1978.

*Michael C. Helbert* of Atherton, Hurt & Sanderson, of Emporia, for the appellant.

*Harold L. Haun* of Haun and Bryant, of Council Grove, for the appellee.

Before FOTH, C.J., PARKS and SWINEHART, JJ.

SWINEHART, J.: This is an appeal by Wayne Gatewood, hereinafter referred to as the plaintiff, from the district court's order dismissing his action in tort for failure to exhibit his demand against the estate of Floyd E. Bosch within the period of time established by K.S.A. 59-2239. Floyd E. Bosch and Kenneth W. McClintock will hereinafter be referred to as the defendant and the special administrator, respectively.

This action arose on April 21, 1974, when the defendant's cow left her pasture and went onto U. S. Highway 56 in Morris County. The plaintiff's automobile struck the defendant's cow. The automobile sustained damages in the alleged amount of $1,400 and the cow died. The plaintiff commenced this litigation against the defendant on December 18, 1974. The defendant died intestate on March 5, 1975. Before his death, he had filed his answer and counterclaim for the value of the cow. On December 9, 1975, a determination of descent proceeding was filed in Morris County for the estate of the defendant. On February 13, 1976, the defendant's counsel filed a suggestion of death on the record in this litigation.

On April 5, 1975, the plaintiff procured the appointment of and issuance of letters of special administration to Kenneth W. McClintock. On April 29, 1976, the plaintiff filed a motion pursuant to K.S.A. 1975 Supp. 60-225 to have the special administrator of the estate of Floyd E. Bosch substituted as the party defendant. The special administrator was personally served this motion. However, notice of the hearing on the matter was not personally served on the special administrator.

On July 23, 1976, the trial court sustained the motion for substitution. Both the special administrator and Harold L. Haun, the attorney who had represented Bosch prior to his death and who then represented the special administrator on the motion to dismiss, appeared personally at this hearing. The journal entry was approved by the special administrator and Haun. The motion to dismiss was filed on November 15, 1976, argued on January 25, 1977, and a journal entry dismissing the cause of action was filed March 9, 1977.

The plaintiff appeals, alleging the district court erred (1) in finding that the service of process on the special administrator was insufficient and therefore the court lacked jurisdiction over the special administrator; (2) in ruling that the plaintiff did not properly revive the action by proper substitution of parties pursuant to K.S.A. 60-225; (3) in determining that the plaintiff failed to complete the revivor of this action by not completing the revivor and substitution of parties within 9 months after the date of death of defendant; and (4) in ruling that the plaintiff failed to commence his action against the special administrator pursuant

to K.S.A. 59-2239 and further that the plaintiff failed to have appointed, and file suit against, the special administrator within two years as provided by K.S.A. 59-2239(2) and K.S.A. 60-513.

We will consider first the plaintiff's allegations that the court erred in ruling that it lacked jurisdiction over the special administrator because the plaintiff failed to comply with the requirements of K.S.A. 1975 Supp. 60-225(a). We first note that revivor (or substitution of parties) is purely a matter of statutory law and strict compliance with statutory requirements must be shown before a revivor is effective. *Thompson v. Bennett, Administrator,* 196 Kan. 129, 132, 410 P.2d 291 (1966).

K.S.A. 1975 Supp. 60-225 is set out in pertinent part below:

"(a) *Death of party.* (1) *Where claim not extinguished.* If a party dies and the claim is not thereby extinguished, the court shall on motion order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party or by any party and, together with the notice of the hearing, shall be served on the parties as provided in K.S.A. 60-205, and upon persons not parties in the manner provided for the service of a summons. Unless the motion for substitution is made within a reasonable time after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."

According to this statutory scheme, two documents must be filed of record: a suggestion of death on the record and a motion for substitution. The statute provides that the motion for substitution, together with a notice of hearing on the matter, may be served on one who is already a party in the same manner that pleadings are served under K.S.A. 1975 Supp. 60-205. However, the requirements for service of the motion on a non-party are most stringent: he must be served in the same manner as process is served. It is unnecessary to discuss in detail the methods for service of process established by Article III of Chapter 60, Kansas Statutes Annotated. It is sufficient to point out that generally personal service is required.

The facts of this case show that the special administrator was personally served with the motion for substitution on April 29, 1976. He was not personally served with the notice of hearing, as required by K.S.A. 1975 Supp. 60-225(a)(1). In spite of this technical irregularity, however, we find that the trial court was in error in ruling that the plaintiff's service of process was insufficient to give the court jurisdiction over the special administrator. K.S.A. 60-204 (Corrick) provides:

". . . In any method of serving process, *substantial compliance* therewith shall effect valid service of process if the court finds that, *notwithstanding some irregularity or omission,* the party served was made aware that an action or proceeding was pending in a specified court in which his person, status or property were subject to being affected." (Emphasis added)

Personal service of the motion constituted substantial compliance with the requirements of Article III, and the special administrator was made aware of the pending action, for he personally appeared at the hearing on the motion for substitution.

We next consider the remainder of the issues raised on appeal by the plaintiff. Those issues concern the time limitations imposed by K.S.A. 59-2239 on presenting claims against the estate of a decedent. Examination of the court's journal entry dismissing the action reveals that the court's principal reason for dismissing the action was that it was barred by the statute of limitations established by K.S.A. 59-2239. In this case the suggestion of death on the record was filed on February 13, 1976, and the plaintiff did nothing to substitute parties for some time. The plaintiff had the special administrator appointed on April 5, 1976, and served the motion to substitute on him on April 29, 1976.

K.S.A. 59-2236 *et seq.* is the portion of the probate code that establishes the mechanism for presenting demands against an estate. Briefly stated, in order to collect from an estate, a creditor must "exhibit his demand" against the estate in the probate court (now a division of the district court). The statute in effect at the time these proceedings took place (K.S.A. 1975 Supp. 59-2236) provides that claims must be exhibited within 6 months of the date of the first publication of the notice to creditors or be forever barred.

K.S.A. 59-2238 (Corrick) defines the meaning of "exhibiting a demand" as it relates to lawsuits against a decedent's estate. Subsection (1) of that statute provides that when an action is pending at the time of the decedent's death, as was the case here, it is considered a "demand legally exhibited" from the time the action is revived. Revivor is, of course, governed by K.S.A. 60-225, as discussed above.

K.S.A. 1975 Supp. 59-2239 sets up a time frame within which "*all* demands" (emphasis added) must be exhibited against an estate or be barred. The phrase "all demands" clearly includes

demands in the form of lawsuits against the decedent's estate, made under K.S.A. 59-2238 (Corrick). Case law establishes that K.S.A. 59-2239 is a statute of limitations. *In re Estate of Wood,* 198 Kan. 313, 316, 424 P.2d 528 (1967). K.S.A. 1975 Supp. 59-2239 provides that no creditor "shall have any claim against or lien upon the property of a decedent other than liens existing at the date of his death, unless an executor or administrator of his estate has been appointed within nine (9) months after the death of the decedent." Once the administrator or executor is appointed, publication of the notice to creditors would occur almost immediately, and K.S.A. 1975 Supp. 59-2239 and K.S.A. 1975 Supp. 59-2236 both require that demands be exhibited within 6 months of publication or be barred.

K.S.A. 1975 Supp. 59-2239(2) provides a limited exception to the 6-month and 9-month limits generally imposed on those making demands against the estate. It provides that an individual who has a tort claim against the decedent may file suit against the personal representative at any time within the statute of limitations for the tort action itself (K.S.A. 60-501 *et seq.*), notwithstanding the limitations of K.S.A. 1975 Supp. 59-2239.

Under the statutory scheme described above, the plaintiff obviously had available several ways to proceed against the estate:

(1) petition for administration or probate by December 5, 1975 (9 months after the defendant's death); revive the action pursuant to K.S.A. 60-225 within 6 months after publication of the creditors' notice and proceed against the substituted party in district court where the action was originally filed;

(2) petition for administration or probate by December 5, 1975 (9 months after the decedent's death), and then, without reviving the original action, file suit against the estate by serving process on the administrator or executor under K.S.A. 59-2238(2) (Corrick). If he had chosen this course, K.S.A. 1975 Supp. 59-2239 would allow him two alternatives as to when to commence the action: either within 6 months of the publication of the creditors' notice, or within the two year statute of limitations for the tort action. (See K.S.A. 1975 Supp. 60-513.)

The key element that is missing from the plaintiff's course of action is the petitioning for probate or administration. It should be noted that K.S.A. 59-2221 (Corrick) provides that "any person interested in the estate" may petition for probate or administration of an estate. Clearly the plaintiff, who claims $1,400 in tort damage against the estate, is an interested party who could have petitioned for probate or administration. We need not decide whether the plaintiff's petition to have the special administrator

appointed pursuant to K.S.A. 1975 Supp. 59-710 would satisfy the requirements of K.S.A. 1975 Supp. 59-2223, because even if it would, it was not done until April 5, 1976, four months after the December 5, 1975, cut-off date. Since the plaintiff failed to petition for probate or administration by December 5, 1975, the trial court was correct in ruling that the statute of limitations contained in K.S.A. 1975 Supp. 59-2239 barred his claim.

Even though the plaintiff did fail to petition for probate or administration by December 5, 1975, he still could have saved the situation by filing suit directly against McClintock pursuant to K.S.A. 1975 Supp. 59-2239(2) by April 21, 1976. This was a very realistic possibility since McClintock was appointed special administrator on April 5, 1976. But the plaintiff failed to do this also, since he did not serve process on the administrator until April 29, 1976, eight days too late.

The plaintiff advances several arguments that he claims excuse his failure to initiate his action before the tolling of any of the above statutes of limitations.

First, he points to the language in K.S.A. 1975 Supp. 59-2239(1) that excepts liens against a decedent's property existing at the time of decedent's death. He claims that he has a *pendente lite* lien against the defendant's property by virtue of K.S.A. 60-2201 and 2202 (Corrick). The fallacy of this argument is that the *pendente lite* lien only applies to property *which is the subject* of the pending action.

The plaintiff also argues that the time limitations of K.S.A. 1975 Supp. 59-2239 do not apply to pending actions that have been revived under K.S.A. 1975 Supp. 60-225. He argues that the only time limit to be imposed on him is that he must move to substitute within a "reasonable time" after the filing of the suggestion of death on the record, which in this case occurred on February 13, 1976. This argument lacks merit in light of the plain meaning of the statutory language. Section 59-2238 speaks in terms of a pending action constituting a legally exhibited demand as of the date of revivor, and section 59-2239 requires that *all* demands be exhibited within 6 months of the publication of the creditors' notice. The statute further provides that "no creditor" has any claim against the estate unless there has been a petition for probate or administration within 9 months of the death. The only exception made is for those creditors having liens as of the date of

death. Claimants reviving actions were not excluded; therefore it must be presumed that they were intended to be included under K.S.A. 1975 Supp. 59-2239, the nonclaim statute.

The plaintiff also argues that since he could not begin the revivor procedure until a suggestion of death on the record was made, it would be unfair to permit the opposing party to delay the revivor beyond the limitations of K.S.A. 59-2239 by not filing the suggestion of death within that time. There are two fallacies in this argument. First, the plaintiff himself could have filed a suggestion of death. Second, plaintiff could have chosen one of the two methods that do not require revivor, and thus could have sidestepped the delay in filing of the suggestion of death on the record.

Although the trial court was in error in ruling that the plaintiff had failed to properly substitute parties pursuant to K.S.A. 1975 Supp. 60-225 and that the court therefore lacked personal jurisdiction over McClintock, the decision is affirmed because the court was correct in determining that the plaintiff's claim was barred by all pertinent statutes of limitations.

The trial court's judgment is affirmed.