No. 50,858

Dale E. Jones, *Appellant,* v. The Grain Club, *Appellee.*

(605 P.2d 142)

Opinion filed January 19, 1980.

*Roger W. Lovett,* of Topeka, argued the cause and was on the brief for the appellant.

*Dale M. Stucky,* of Wichita, argued the cause, and *Gerritt H. Wormhoudt* and *Gregory J. Stucky,* both of Wichita, and *Louis James,* of Larned, were with him on the brief for the appellee.

The opinion of the court was delivered by

Fromme, J.: The Kansas Commission on Civil Rights (KCCR) and Dale E. Jones appeal from a judgment of the district court which set aside an order of KCCR and dismissed the complaint of Jones against The Grain Club. The district court, without an evidentiary hearing, held that the respondent was prejudiced by delay. The finding of prejudice was based on the lapse of thirty-nine months from the date of the alleged act of discrimination to the initial hearing. We reverse and remand for an evidentiary hearing as to the nature of prejudice, if any.

Dale E. Jones, a black person, applied for membership in a Class B food and beverage club, such as is defined in K.S.A. 41-2601 as amended. The club refused to accept him as a

member. He filed a complaint on December 13, 1973, with KCCR alleging discrimination because of race. The complaint was filed within six (6) months after the alleged act of discrimination took place as required in the last paragraph of K.S.A. 44-1005. Nothing further transpired until February 18, 1976, when the KCCR notified the club of the filing of the complaint and of the impending investigation. The hearing before the hearing examiner of the KCCR began on September 29, 1976. A decision was entered by the KCCR finding discrimination and determining no prejudice to the respondent occurred by reason of the lapse of time. An application for rehearing pursuant to K.S.A. 44-1010 was denied. An appeal was then taken to the district court under K.S.A. 44-1011. Before the matter could be heard de novo the club filed a motion in the district court to set aside and modify the order of the KCCR. After oral argument and without an evidentiary hearing the order of the KCCR was set aside and the complaint of Jones was dismissed by the district court. Appeal by KCCR and Jones to this court followed.

The findings of the district court are as follows:

"1) The complaint lodged by complainant herein with the Kansas Commission on Civil Rights against respondent was filed within six (6) months after the alleged act of discrimination occurring on June 18, 1973.

"2) That the Kansas Commission on Civil Rights sent notification of the filing of such complaint to respondent on February 18, 1976, thirty-two months after the alleged discriminatory act.

"3) That the initial hearing conducted by the Commission's hearing examiner took place thirty-nine months after the alleged act of discrimination.

"4) That respondent was prejudiced by the Commission's delay in notifying respondent and conducting an investigation of the alleged discriminatory act."

The court's conclusions are:

"1) The complaint was duly filed within six months after the alleged act of discrimination in compliance with K.S.A. 44-1005.

"2) The Commission lacked jurisdiction over the controversy as the Commission did not promptly serve respondent with a copy of the complaint as required by Regulation 21-41-11.

"3) The Commission lacked jurisdiction over the controversy as the Commission did not serve respondent within seven (7) days after the filing of the complaint as required by K.S.A. 44-1005.

"4) The Commission lacked jurisdiction over the controversy as the Commission did not make a prompt investigation of the alleged act of discrimination as required by K.S.A. 44-1005.

"5) Respondent's constitutional right to procedural due process was denied by virtue of the Commission's delay in disposing of the complaint, in notifying

respondent of the charges against it and in conducting an investigation of the alleged discriminatory act."

The conclusions bearing upon the court's judgment are those numbered (2) through (5).

As to conclusion No. 2, the regulation mentioned is K.A.R. 21-41-11 (1975) and it reads as follows:

"**Service of complaint.** A copy of the complaint and any amendments shall be promptly served by the commission on the respondent. (Authorized by K.S.A. 1974 Supp. 44-1003 and 1004; effective, E-74-14, Dec. 28, 1973; effective May 1, 1975.)"

This regulation did not become effective until ten days after the (Jones) complaint was filed with the KCCR. Under the court's finding No. 1 and conclusion No. 1, the complaint which is the jurisdictional instrument was filed within the required statutory time of six months. As to the time for service of the complaint, the statute then in effect stated:

"After the filing of any complaint by an aggrieved individual, the commission, or by the attorney general, the commission shall prior to investigation of the complaint, serve a copy on each of the parties alleged to have violated this act . . . ." K.S.A. 44-1005.

It is mutually agreed on appeal that a copy of the complaint was served prior to the commencement of the investigation.

The word "promptly," as used in K.A.R. 21-41-11, is relative and no definite time limitation can be gleaned from the word itself. The meaning and limitation imposed by the word depends upon the context in which it is used. The facts and circumstances of each case bear upon the meaning to be ascribed to this word. In the absence of any evidence of prejudice dismissal of the complaint is not justified.

The Kansas Administrative Regulations, when adopted, have the force and effect of a statute (K.S.A. 77-425), and as in the case of statutes they will be construed to operate prospectively unless a contrary intent is clearly indicated. *Harder v. Kansas Comm'n on Civil Rights,* 225 Kan. 556, 559, 592 P.2d 456 (1979).

As to Conclusion of Law No. 3 referring to service within seven (7) days after the filing of the complaint, the correct citation for this statute is K.S.A. 1978 Supp. 44-1005. The amended statute became effective July 1, 1975. The prior statute, K.S.A. 44-1005, in effect when the complaint was filed, required the KCCR to serve a copy of the complaint prior to investigation of the com-

plaint. The complaint in the present case was filed December 13, 1973, long prior to the effective date of the amended statute. It could not have been the intent of the legislature to give the seven (7) day notice requirement retroactive effect, for to do so would result in requiring the impossible. The seven day period would have expired on the present complaint long before the seven day provision became effective.

We are not impressed by appellee's argument that the legislature intended that a copy of the complaint be served within seven days after the statute became effective regardless of when the complaint was filed. See *Harder v. Kansas Comm'n on Civil Rights,* 225 Kan. at 559. The requirement in K.S.A. 1978 Supp. 44-1005 that the Kansas Commission on Civil Rights serve a copy of every complaint on each of the parties alleged to have violated the Kansas Act Against Discrimination within seven (7) days after filing is construed to operate prospectively. No contrary intent is indicated by the provisions of the act. *Eakes v. Hoffman-LaRoche, Inc.,* 220 Kan. 565, 552 P.2d 998 (1976).

As to Conclusion of Law No. 4, concluding that the commission lost jurisdiction of the controversy by failing to investigate the complaint promptly, we note the same observations might be made with regard to conclusion No. 4 as we made to conclusion No. 2. Without an evidentiary hearing on the question of prejudice mere lapse of time alone will not support dismissal of the complaint. No jurisdictional defect arises even though a controversy is held to be barred by lapse of time resulting in prejudice.

To support its position appellee cites *KCCR v. Sedgwick County Mental Health Clinic,* 220 Kan. 653, 556 P.2d 180 (1976). The case is not controlling. In that case the KCCR in an investigation under the Kansas Act Against Discrimination considered it necessary to apply to the district court for an order to enforce a subpoena duces tecum requesting production of all personnel files of all receptionist-secretaries and clerk-typists employed by respondent from July, 1972, to February, 1975. In affirming the refusal of the district court to enforce the subpoena in the *Sedgwick County* case this court held the district court has discretion in enforcing a subpoena. When the demands of a subpoena are found by the district court to be unreasonable or oppressive this court on appeal will not reverse the trial court, unless it is clearly shown the trial court abused its discretion. That case is no

authority for the position that the KCCR lost jurisdiction over the complaint in this case because of delay in serving a copy of the complaint and failure to conduct a prompt hearing.

The appellee argues the complaint was properly dismissed because to require a hearing after thirty-nine (39) months from the date of the act of discrimination results in denying respondent-appellee constitutional due process. Appellee further argues the provisions of the act relating to notice, time of hearing, and limitations thereon deny it due process. In *E.E.O.C. v. Exchange Security Bank,* 529 F.2d 1214 (5th Cir. 1976), a claim had been filed in the federal court alleging the racially discriminatory discharge of an employee. The problem of constitutional due process was raised because of alleged procedural defects in the federal act at the administrative level. The circuit court held that, regardless of possible procedural shortcomings at the administrative level, problems of constitutional due process were not present. There, as in our present case, final action by means of a full and complete evidentiary hearing was provided in the courts.

We are not impressed by the due process argument made by respondent-appellee.

Our final consideration which is dispositive of this appeal concerns the district court's finding of prejudice without an evidentiary hearing to support the finding. In *Stephens v. Unified School District,* 218 Kan. 220, 546 P.2d 197 (1975), we examined the scope of judicial review provisions in this act as set forth in K.S.A. 44-1011. We concluded that the words of the statute concerning appeal meant what they said. The district court should hear an appeal as a trial de novo. After hearing and evidence on any issue, the district court may affirm the adjudication, may set aside or modify it, or may remand the proceedings to the commission for further disposition. See K.S.A. 44-1011.

The act we are dealing with does not include a statute of limitations, except K.S.A. 44-1005, which provides that "[a]ny complaint filed pursuant to this act must be so filed within six (6) months after the alleged act of discrimination." The six month provision was satisfied in this case. The district court held the lapse of two years and eight months between the alleged discriminatory act and the issuance of notice was prejudicial.

On appeal to the district court no evidentiary hearing was attempted; therefore, the transcript of evidence made before the

KCCR examiner was not in evidence in the district court. If an evidentiary hearing had been provided in the district court the transcript could have been introduced together with such other evidence bearing on the issue of prejudice.

Even in the absence of statutory limitations against processing stale complaints, such complaints may be dismissed by the district court for unreasonable delay in agency processing if the delay results in prejudice. In somewhat analogous situations such as specific performance actions trial courts have refused to enforce claims where prejudice would result from unreasonable delay in prosecuting the claim. See *Hochard v. Deiter,* 219 Kan. 738, 549 P.2d 970 (1976). The doctrine of laches is an equitable device designed by the courts to bar stale claims.

In *Clark v. Chipman,* 212 Kan. 259, 510 P.2d 1257 (1973), this court said:

"The mere passage of time is not enough to invoke the doctrine of laches. Lapse of time is necessarily a relative matter in which all surrounding circumstances must be taken into account. Each case must be governed by its own facts and what might be considered a lapse of sufficient time to defeat an action in one case might be insufficient in another." Syl. ¶ 7.

"Laches in legal significance, is not mere delay, but delay that works a disadvantage to another." Syl. ¶ 8.

See also *Darby v. Keeran,* 211 Kan. 133, Syl. ¶ 10, 505 P.2d 710 (1973).

In *Chromcraft Corp. v. United States Equal Emp. Op. Com'n,* 465 F.2d 745 (5th Cir. 1972), a claim of discrimination was filed against an employer. There was no statutory provision which limited the time for processing. It was over a year before the investigation was undertaken. There it is held a showing of prejudice is necessary before agency action can be set aside for lack of punctuality. See also *E.E.O.C. v. Exchange Security Bank,* 529 F.2d 1214. In *Chromcraft Corp.* the circuit court reversed the district court for lack of a showing of prejudice, saying the district court found that the delay resulted from an undisputed work load and an overburdened staff, and that there was no suggestion it resulted from slothfulness, lethargy, inertia or caprice. The delay in such case did not result in the disappearance or loss of material witnesses or records, nor was it shown how the respondent was prejudiced in meeting the allegations of the complaint.

We hold a showing of prejudice is necessary before agency action can be set aside for lack of punctuality. In the present case

we have a finding of prejudice based on mere lapse of time. The judgment of the district court setting aside the order of KCCR and dismissing the Jones complaint is reversed. The case is remanded to the district court for an evidentiary hearing and factual findings as to prejudice. If actual prejudice is established by the evidence the order of the KCCR may be set aside on proper evidentiary findings, and the Jones complaint may then be dismissed. If there is insufficient evidence of prejudice the court should overrule respondent's motion and proceed to hear the appeal de novo.