No. 54,275

GARY F. FLANIGAN, *Appellant,* v. CITY OF LEAVENWORTH, *Appellee.*

(657 P.2d 555)

Opinion filed January 14, 1983.

*Roger W. Lovett,* of Topeka, argued the cause and was on the brief of appellant.

*Robert D. Beall,* of Leavenworth, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HERD, J.: This is a civil rights action. This appeal brings the case before us for a second time. It arises from a district court order dismissing the action as barred by the statute of limitations and for lack of prosecution. We reverse.

Gary Flanigan, a black student at K.U., obtained a short-term summer job in 1971 from the Leavenworth Recreation Commission (LRC). Flanigan was terminated after working approximately four days which was short of the term for which he was hired. He filed a complaint with the Kansas Civil Rights Commission (KCCR) against the LRC alleging racial discrimination in employment practices in violation of K.S.A. 44-1001 *et seq.* The LRC was created in 1948 as a joint enterprise pursuant to K.S.A. 12-1901 *et seq.* The complaint was investigated and a

public hearing held thereon in June 1973 from which the hearing examiner ruled in favor of Flanigan. The examiner's findings of fact and conclusions of law were filed November 10, 1973, finding Flanigan should recover damages in the amount of $5,196.41. On December 1, 1973, the KCCR filed its order adopting the examiner's report.

Meanwhile, the City and school district agreed to abolish the LRC with the City taking over its functions. A city ordinance was adopted November 27, 1973, and published three days later. On December 14, 1973, LRC filed a motion for rehearing of the case with KCCR. Before the motion was acted upon, LRC filed notice of appeal to the district court on January 15, 1974. On February 9, 1974, the KCCR filed a motion in the district court to set the case for trial.

In June of 1974 counsel for the LRC filed a motion to dismiss the action on the grounds that the Leavenworth Recreation Commission no longer existed. The KCCR disputed this claim and the court held a hearing concerning it. In April of 1975 the district court filed a memorandum opinion treating the motion as one for summary judgment and sustaining it. The court concluded that the LRC ceased to exist on November 30, 1973, when the ordinance was published and that there was no authority to hold the City liable for any of the LRC's responsibilities. The KCCR appealed.

In a unanimous opinion written by Commissioner Foth the Supreme Court reversed. *Flanigan v. Leavenworth Recreation Commission*, 219 Kan. 710, 549 P.2d 1007 (1976). (*Flanigan I.*) First, the court stated, summary judgment was improper because the controlling fact, whether the LRC had been abolished, was disputed. The court held the statute under which the City had purported to act, K.S.A. 1973 Supp. 12-1912, required an agreement between the City and the school district before the LRC could be abolished. It was up to the City, the court stated, to show evidence of this agreement.

Further, the court held, even if the LRC had been legally dissolved, that simple fact did not void all its outstanding obligations. Thus, if the LRC was abolished the City of Leavenworth was its legal successor.

The Supreme Court then provided the district court with some very specific instructions:

"On remand, then, the trial court should first ascertain whether the Leavenworth Recreation Commission has been abolished. If it has not, the proceeding can be continued in its name (and if necessary its assets can be traced to the transferee city). Assuming it has been abolished, at least *de facto*, the court should entertain favorably a motion to substitute the city under K.S.A. 1975 Supp. 60-225(*d*). In either event the trial court will then be in a position to consider the appeal on the merits, under the guidelines established in *Stephens v. Unified School District*, 218 Kan. 220, 546 P.2d 197." 219 Kan. at 717-18.

The Supreme Court's opinion was filed May 8, 1976. Despite the Court's clear mandate no further action regarding the case was taken until, incredibly, April 1, 1980. At that time the Leavenworth City Attorney filed a motion for an order substituting the City for the LRC. The KCCR did not oppose the motion and it was granted April 11, 1980.

In July of 1980 the City filed a motion to dismiss based on the "failure of the complainant to prosecute the action pending in this court." In a supporting brief the City relied upon K.S.A. 60-513, claiming that statute "requires an action of this nature to be initiated within two years." The City also claimed it was entitled to a jury trial on all issues.

In an opinion filed January 16, 1981, the district court denied the City's motion to dismiss, stating:

"[I]n reviewing the record, this court finds that the determination of the abolishing of the Leavenworth Recreation Commission was not actually made by the trial court until the entry of its Order on April 11, 1980. Under this reasoning, even if the respondents are correct in setting out the operation of 60-513 and 60-225(*d*), the statute would not have been tolled until the entry of the Journal Entry on April 11, 1980."

The Court did, however, grant the City's request for jury trial.

Undaunted, the City convinced the district judge to reconsider his decision. After thinking about the matter for almost one year the judge changed his mind, in an opinion filed February 22, 1982. First, he held the City was not entitled to a jury trial but granted the City's motion to dismiss. The complainant's action against the City, he held, was barred by K.S.A. 60-513, the statute of limitations.

The following portion of the district court's opinion is helpful to show the legal difficulties under which the judge was laboring:

"It is my decision to modify the earlier memorandum opinion based upon the affidavit and agreement attached to the City's Motion to Modify. It is my opinion

that the Statute of Limitations was tolled either by the date of the resolution, November of 1973, or by the actual notice of the change of parties which I believe the Commission received in the Court of Appeals. Under either date, the Commission made no attempt to substitute parties, and its cause is therefore barred by the Statute of Limitations, *Gatewood v. Bosch*, 2 Kan. App. 2d 474, at page 476. The argument that this dismissal now places the Commission in the position that it was in before the City obtained its Stay Order is of no merit. The statute requires a trial de novo. The applicable law of procedure remains in effect and the Commission's cause of action is dismissed within a two-year period of time based upon my finding that it is barred by the Statute of Limitations and the reasoning of the Kansas Court of Appeals in *Gatewood*."

The KCCR has appealed this determination.

In order to adequately discuss the issue before the court it is important to understand the reasoning employed by the trial court in reaching its decision that the action should be dismissed because it was barred by the statute of limitations.

The district court believed there was "some burden on an administrative body to move a case to final determination in order to support its orders." Thus, according to the trial judge, after the LRC appealed the case to the district court the KCCR was under a duty to pursue the matter to a hearing. Evidently, this remained true even after the Supreme Court remanded with instructions to the trial court to hold a hearing on the disputed factual issue of whether the LRC had been abolished.

The basis of the district court's decision appears to be that once the LRC was abolished the lawsuit involving that agency was over and the statute of limitations on a new action against the City began to run. Since the district court found the LRC was abolished in November of 1973 the KCCR had until November of 1975 to substitute the City as a party. K.S.A. 60-513. The Commission did not do this and as such any new action involving the City of Leavenworth was barred by 60-513, the two-year statute of limitations.

Initially, there are two things about the trial court's opinion which are suspect. First, the judge was under an obvious misconception about the meaning of the word "tolled." As noted above he held the "Statute of Limitations was tolled either by the date of the resolution, November of 1973, or by the actual notice of the change of parties . . . ." According to Black's Law Dictionary 1736 (3rd ed. 1933), "To toll the statute of limitations means to show facts which remove its bar of the

action." Apparently the trial judge thought the statute of limitations was "tolled" when it began to run.

Second, the trial court's reliance on the affidavit and agreement between the City and school board as the basis for its decision to hold the statute of limitations required dismissal is misplaced. The same agreement was provided to the court when the City first filed its motion to dismiss in July of 1980. Thus, the court was aware of this agreement when it overruled the City's motion in January of 1981. The February 1982 opinion sounds as though this agreement was of recent origin when, in fact, it had been known for over a year.

Even though the trial court lumped everything together, the issue before the court is easier to understand when it is divided into two subparts: (a) Whether dismissal was proper for failure to prosecute; (b) whether dismissal was proper because the applicable statute of limitations was not met.

The City relies on K.S.A. 1981 Supp. 60-241(b) for its claim dismissal was proper for failure of the KCCR to prosecute the action. That statute states: "For failure of the plaintiff to prosecute . . . a defendant may move for dismissal of an action or of any claim against the defendant." In order to determine whether this statute is applicable to the case at bar it would be best to picture the circumstances as they existed after the Supreme Court opinion in *Flanigan I* was filed in May of 1976.

A complaint had been filed with the KCCR by Gary Flanigan charging the LRC with a violation of the Kansas Acts Against Discrimination. The defense was that the LRC no longer existed. The district court agreed and dismissed the case. The KCCR appealed and this court reversed, stating there was an actual dispute as to whether the LCR still existed. The Supreme Court ordered the trial court to do two things: (1) it should hold a hearing to determine whether the LRC had been abolished; (2) if the LRC had been abolished it should entertain favorably a motion to substitute the City as a party. The mandate from the Supreme Court was filed June 2, 1976. At this time where did the duty to bring this case to its conclusion lie?

There are three possible answers to the above question: (1) Gary Flanigan and the KCCR; (2) the LRC or its attorney of record; or (3) the district court.

The City argues the KCCR, as a nominal plaintiff, had a duty to prosecute the action after the decision in *Flanigan I*. The KCCR,

on the other hand, argues that since the action in the district court was in the nature of an appeal, the LRC had the duty to prosecute as the appellant.

K.S.A. 1981 Supp. 60-241(*b*) does, of course, recognize the authority of a court to, on motion of the defendant, dismiss an action for failure to prosecute.

"What would constitute such failure to prosecute as to warrant a dismissal must be determined by the circumstances of each particular case. Unreasonable delay which harasses the defendant is obviously an important consideration. Such unreasonable delay could result from failure of the plaintiff to take any steps after filing his complaint, or failing to attend a pretrial hearing, or failure to be ready for trial. The matter is within the sound discretion of the court, and a reasonable excuse for delay or failure to prosecute would justify a refusal to dismiss." Vernon's Kansas C. Civ. Proc. § 60-241 (1964), p. 71.

See also *Coutts v. Crider,* 219 Kan. 692, 549 P.2d 1019 (1976).

The fact this case languished in the district court for four years raises the possibility of dismissal for lack of prosecution. The question, however, is who should shoulder the burden of pushing the case to its conclusion. Certainly a plaintiff, as the party instigating the litigation, has a burden to see that the case moves forward. On the other hand, an appeal may be dismissed for failure of the appellant to diligently prosecute the proceeding. 5 Am. Jur. 2d, Appeal & Error § 915, p. 346.

Obviously much depends on the characterization of the proceeding before the district court in June of 1976. The case was docketed as an appeal to the district court pursuant to K.S.A. 44-1011, which states in part:

"The attorney general, county attorney or any person aggrieved by an order made by the commission may obtain judicial review thereof in the said court by filing with the clerk of said court within thirty (30) days from the date of service of the order, a written appeal praying that such order be modified or set aside. The appeal shall certify that notice in writing of the appeal, with a copy of the appeal, has been given to all parties who appeared before the commission at their last known address, and to the commission by service at the office of the commission at Topeka. The evidence presented to the commission, together with its findings and the order issued thereon, shall be certified by the commission to said district court as its return. No order of the commission shall be superseded or stayed during the proceeding on the appeal unless the district court shall so direct."

If the LRC is considered to have been the appellant it should logically have the duty to prosecute the appeal. Indeed, if there was no appeal the KCCR order would stand. It seems only fair to

put the burden of prosecuting the action on the party trying to change the order.

The City argues that the action before the district court was in the nature of a *de novo* review and, as such, the parties should be in the same position as they were before the KCCR. It is true K.S.A. 44-1011 instructs the district court to hear appeals from the KCCR by trial *de novo*. In *Stephens v. Unified School District*, 218 Kan. 220, 546 P.2d 197 (1975), this court recognized the legislature had the authority to impose such a requirement on the district court. Black's Law Dictionary 516 (3rd ed. 1933), defines *de novo* as "Anew; afresh; a second time." Also in *Stephens*, the court held the trial court conducted a *de novo* review of a KCCR order when it "made an independent examination of the record, made its own findings of fact and drew its own inferences, all without regard to the manner in which the commission had previously dealt with the identical evidence." 218 Kan. at 228.

It is difficult to see why, even in a true *de novo* trial, the original plaintiff should bear the entire burden of prosecuting the action. Although the matter is, in theory, tried "anew," the specter of the first trial looms in the background. Indeed, even though the statute labels the appeal a "trial *de novo*" the proceedings are still in the nature of a "judicial review" of the KCCR order. K.S.A. 44-1011. And, as the court stated in *Stephens*, the "trial *de novo*" is "limited to those issues fairly raised in an application for rehearing before the commission." 218 Kan. at 236.

The nature of an appeal from the KCCR to the district court is well illustrated by the Court of Appeals opinion in *Kansas Turnpike Authority v. Jones*, 7 Kan. App. 2d 599, 645 P.2d 377 (1982). There the KTA appealed a KCCR order to the district court, where it lay dormant for two years. The district court awarded the KTA a default judgment because the KCCR had not filed "its return," as required by K.S.A. 44-1011. The Court of Appeals reversed, stating:

"While the appeal filed by the KTA contains as its caption 'Kansas Turnpike Authority, Plaintiff, vs. James I. Jones and Kansas Commission on Civil Rights, Defendants,' the proceeding commenced in the district court was not an original civil action. It was not an original action as might be brought by a prevailing party under the first paragraph of K.S.A. 44-1011. It was a proceeding for judicial review brought under the second paragraph of K.S.A. 44-1011. It was an appeal from a decision and order of the KCCR that concerned a claimant, Jones, and a

respondent, the KTA. The KCCR is and was made a party to the judicial review proceeding by virtue of the fifth paragraph of K.S.A. 44-1011 which provides, 'The commission shall be deemed a party to the review of any order by the court.'

"In its brief, the KTA views and treats itself as a plaintiff, Jones and the KCCR as defendants, and the written appeal as a petition. It likens the proceeding to an original action requiring responsive pleading by Jones and the KCCR. Finding no statutory requirement for responsive pleading by way of an answer, it seizes upon the requirement that the KCCR certify to the district court the evidence presented to it together with its finding and order 'as its return.' Thus its position, and the tack taken by the district court, is that the KCCR certification of its record to the district court, not having been accomplished until twenty-six months after the filing of the appeal, was 'out of time' and, under or by analogy to K.S.A. 60-255, default judgment was and is proper. We disagree." 7 Kan. App. 2d at 600-01.

While the KTA case is obviously not precisely on point, it demonstrates that a proceeding such as the one before the district court in this case has elements of both an original action and an appeal. As such the duty to prosecute should not be placed solely on the KCCR and the original complainant.

It should also be recognized the district court was under a duty to move the case forward. As the facts indicate the Supreme Court specifically instructed the district court to hold a hearing to determine whether the LRC had been abolished. In spite of these instructions the district court did nothing. It is expected to carry out the mandate of the Supreme Court.

Finally, even if the duty to prosecute falls solely on the shoulders of the complainant and the KCCR it should be noted that in February of 1974 the KCCR filed a motion asking the district court to set the case for trial. Thus, at that time the KCCR was fulfilling any duty that might be placed upon it.

The four-year delay in this case must be attributed to the trial court. This court issued its mandate June 2, 1976, directing the trial court to determine if LRC had been abolished and if it had been, to favorably entertain a motion to substitute the City as a party. The court took no action. There is little the parties can do when the trial court fails to discharge its responsibilities. Permitting this case to languish on the docket for such an inordinate time is regrettable and contrary to our admonition against permitting cases to float in the system. Paragraph No. (4) of the General Principles and Guidelines for the District Courts (230 Kan. lxvi). For this reason the dismissal with prejudice against Flanigan and the KCCR was improper.

A separate question exists as to whether the action against the City was barred by K.S.A. 60-513, the two-year statute of limitations. The district court felt it was because the statute began to run either when the resolution abolishing the LRC was passed in November of 1973 or during argument before the Supreme Court in *Flanigan I.*

Initially, it should be noted that since this action is not one for libel, slander, assault, battery, malicious prosecution, false imprisonment or an action upon a statutory penalty or forfeiture, the two-year statute of limitations of K.S.A. 60-513 is properly applied here. See *Miller v. City of Overland Park,* 231 Kan. 557, 646 P.2d 1114 (1982); *Cooper v. Hutchinson Police Department,* 6 Kan. App. 2d 806, 636 P.2d 184 (1981), *rev. denied* 230 Kan. 817 (1982).

The district court relied on *Gatewood v. Bosch,* 2 Kan. App. 2d 474, 581 P.2d 1198 (1978), in holding the KCCR was under a duty to substitute the City as a party. It may be true the KCCR was under such a duty but it could not possibly have been under this duty until it received notice the LRC was abolished. The idea the KCCR received such notice in November of 1973 when the resolution was passed or during argument before the Supreme Court is absurd. The KCCR steadfastly maintained throughout this period the LRC had not been abolished and as such was a proper party. Since the district court never held a hearing on the issue the KCCR is not at fault for continuing to believe the LRC was in existence for purposes of this lawsuit. Notice that the LRC had been abolished did not come until the district court's opinion of February 1982. At that time the City had already substituted itself as a party so the question was moot. For these reasons the application of *Gatewood v. Bosch,* or, for that matter, the statute of limitations, is improper.

The judgment of the trial court is reversed and this case remanded for trial. The trial court is directed to try this case within 60 days of the mandate.

HOLMES and McFARLAND, JJ., and CLEMENT, District Judge assigned, concur in the result.