No. 54,503

ETHEL NURGE, *Appellant,* v. STATE OF KANSAS, UNIVERSITY
OF KANSAS MEDICAL CENTER, *et al., Appellees.*

(674 P.2d 459)

Opinion filed December 2, 1983.

*Brandon L. Myers,* staff attorney for the Kansas Commission on Civil Rights, of Topeka, argued the cause and was on the brief for appellant, Ethel Nurge.

*Rose Marino,* special assistant attorney general, argued the cause, and *Robert T. Stephan,* attorney general, was with her on the brief for appellees.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal from a ruling of the district court setting aside an order of the Kansas Commission on Civil Rights (KCCR) which found respondent University of Kansas Medical

Center (UKMC) and other respondents guilty of unlawful employment discrimination on the basis of sex in violation of K.S.A. 44-1009(a)(1). The various respondents will be referred to collectively as UKMC.

In view of our decision herein it is not necessary to set forth the facts in any great detail. Suffice it to say complainant, Ethel Nurge, who held bachelors, masters and doctor of philosophy degrees in anthropology was an employee of UKMC. She asserted in her complaint before the KCCR that she was discriminated against on the basis of her sex in that she did not receive equal pay for equal work done by male faculty members with similar duties and qualifications. The KCCR examiner, after a full public hearing as required by the statutes, found the complaint to be valid and ordered UKMC to "pay the complainant the sum of $34,967.19 for the differential in pay and $3,000.00 for the pain, suffering and humiliation of being a victim of discrimination, or a total sum of $37,967.19." The award was subsequently approved by the KCCR and UKMC took an appeal to the district court pursuant to K.S.A. 44-1011.

Following a "trial de novo" the district court found no evidence of sex discrimination and set aside the order of the KCCR. Dr. Nurge and the KCCR filed a timely notice of appeal from the district court's decision and the case was subsequently transferred from the Kansas Court of Appeals to this court under the authority of K.S.A. 20-3018(c).

At the outset we are met with a procedural matter which disposes of the issues on this appeal. Dr. Nurge and the KCCR contend it was error for the trial court to require that witnesses who had already testified before the KCCR examiner testify again in person before the court. All parties indicated in their pretrial statements that they intended to rely upon the record of the proceedings before the KCCR with only one exception. The one exception was a motion to submit additional evidence by UKMC to present an expert witness to testify on the "relative economic value of a Ph.D. degree in Anthropology, a Masters' degree in Business Administration and a Masters' degree in Public Administration." At trial no such expert was presented and the motion was evidently abandoned. Thus all parties were proceeding upon the theory that the record before the KCCR would be examined by the court de novo and no new or addi-

tional evidence would be presented with the possible exception of the one expert witness to be called by UKMC. However, based on the trial court's interpretation of K.S.A. 44-1011, calling for a "trial de novo," and the court's personal preference for hearing witnesses "live and in person," the court required the parties to present as many witnesses as possible to re-testify before the court. Where this was not possible, the court permitted counsel to use the record previously made before the KCCR, and "treated it as any other deposition of an absent witness to be read in open court with the objections ruled upon as we go along." Appellants contend that the ruling of the trial court requiring a re-presentation of witness testimony previously produced before the KCCR and incorporated in the record filed with the court constituted reversible error. We agree.

The determination of what is required in a "trial de novo" under K.S.A. 44-1011 has been a source of concern to this court on numerous occasions. At the outset UKMC contends there was no proper objection to the district court's proposed procedure and that it is not now subject to review on appeal. We do not agree. A review of the record clearly indicates that the trial court was aware of the contention of all parties and that the requirement of live testimony was one which the trial court adopted over the proposals of all parties that the record of the KCCR proceedings be reviewed by the court for a determination of its own findings of fact and conclusions of law. We find the issue is appropriately before this court.

K.S.A. 44-1011 provides in pertinent part:

"The attorney general, county attorney or *any person aggrieved by an order made by the commission may obtain judicial review* thereof in the said court *by filing with the clerk of said court* within thirty (30) days from the date of service of the order, *a written appeal praying that such order be modified or set aside.* The appeal shall certify that notice in writing of the appeal, with a copy of the appeal, has been given to all parties who appeared before the commission at their last known address, and to the commission by service at the office of the commission at Topeka. *The evidence presented to the commission, together with its findings and the order issued thereon, shall be certified by the commission to said district court* as its return. No order of the commission shall be superseded or stayed during the proceeding on the appeal unless the district court shall so direct.

"*The court shall hear the appeal by trial de novo with or without a jury in accordance with the provisions of K.S.A. 60-238, and the court may, in its discretion, permit any party or the commission to submit additional evidence on any issue.* Said appeal shall be heard and determined by the court as expedi-

tiously as possible. *After hearing, the court may affirm the adjudication. If the adjudication by the commission is not affirmed, the court may set aside or modify it, in whole or in part, or may remand the proceedings to the commission for further disposition in accordance with the order of the court.*

"The commission's copy of the testimony shall be available at all reasonable times to all parties for examination without cost, and *for the purpose of judicial review of the order. The review shall be heard on the record without requirement of printing.*

"*The commission shall be deemed a party to the review* of any order by the court." (Emphasis added.)

In *Brinson v. School District,* 223 Kan. 465, 576 P.2d 602 (1978), we stated:

"The scope of review provided by the legislature under any appeal statute depends upon the intent of the legislature as expressed in each particular statute and as interpreted by this court. (Citations omitted.)" p. 468.

*Brinson* involved an appeal by the school district under K.S.A. 1982 Supp. 60-2101(*d*). However, in discussing the proper scope of review, the court, by way of dicta stated:

"We turn to the cases relied on by Mrs. Brinson to support *de novo* review. The first case is *Stephens v. Unified School District,* 218 Kan. 220, 546 P.2d 197. *Stephens* was an appeal from an order of the Kansas Commission on Civil Rights (KCCR). The authority for judicial review of a KCCR order is set forth in K.S.A. 44-1011. This special appeal statute was construed by this court in *Stephens* as authorizing review by trial *de novo.* The statute provides for a full trial of all issues." p. 470.

The legislature modified K.S.A. 44-1011 in 1965, adding the de novo language and the reference to K.S.A. 60-238. L. 1965, ch. 323, § 7. Prior to amendment that sentence read: "The court shall hear the appeal with or without a jury and the court may, in its discretion, permit any party or the commission to submit additional evidence on any issue." The 1965 modifications were first construed by this court in *Stephens v. Unified School District,* 218 Kan. 220, 546 P.2d 197 (1975).

*Stephens* was an appeal by a school teacher from a decision of the district court setting aside an order of the KCCR. The issues before the court were strictly procedural, the requirements in seeking judicial review and the proper scope of review. The trial court granted the parties unlimited discovery rights and "announced its intention to conduct a trial *de novo,* and directed the parties to file and exchange lists of witnesses." 218 Kan. at 223. Both parties declined to offer any new evidence and the matter was ultimately submitted to the trial court on the record from the

hearing before the KCCR. On appeal to this court, the appellant alleged "the trial court erroneously conducted a trial *de novo*, making its own findings of fact, drawing its own inferences from the record, and substituting its judgment for that of the administrative agency." 218 Kan. at 224. In finding that a review of the KCCR record could constitute a trial de novo under K.S.A. 44-1011, the court stated:

"Our examination of the trial court's decision leads us inevitably to the conclusion that it did conduct the trial *de novo* it had said it would, in the sense that it made an independent examination of the record, made its own findings of fact and drew its own inferences, all without regard to the manner in which the commission had previously dealt with the identical evidence. It did not limit its review to determining whether the commission's findings were supported by substantial evidence, but substituted its own judgment for that of the commission on what the evidence proved.

. . . .

"We note first of all that the *de novo* language and the reference to 60-238 were inserted in the statute for the first time in 1965 (L. 1965, ch. 323, § 7). Prior to the amendment the sentence merely said "The court shall hear the appeal with or without a jury and the court may, in its discretion, permit any party or the commission to submit additional evidence on any issue." The additions, presumably, were intended to make some significant change. (*Curless v. Board of County Commissioners*, 197 Kan. 580, 587, 419 P.2d 876; *Horyna v. Board of County Commissioners*, 194 Kan. 445, 448, 399 P.2d 844.) The addition of the phrase *de novo* surely signifies an intent that the court should hear the case 'anew.'

. . . .

"The statutory provisions authorizing the court to receive additional evidence and to 'modify' the commission's order are both consistent with a true trial *de novo*. The statutory statement that 'The review shall be heard on the record *without requirement of printing*' we take to be a mechanical direction with a view to economy, and not a nullification of the previously granted authority to take additional evidence.

"In short, the court concludes that when the legislature called for a trial *de novo* ('with or without a jury in accordance with the provisions of K.S.A. 60-238') it meant a trial where the issues of both fact and law would be determined anew." pp. 228-232.

Thus, it is clear that under *Stephens* the court recognized that a review of the KCCR record constitutes a trial de novo where the court makes independent findings of fact and conclusions of law and does not limit its determination to whether there was substantial evidence to support the KCCR findings. As all of the evidence was submitted on the record, which was acceptable to the trial court, there was no determination of whether the trial

court may require live testimony and re-presentation of the evidence.

In *Jones v. The Grain Club*, 227 Kan. 148, 605 P.2d 142 (1980), the court again had occasion to comment upon the trial de novo requirements of K.S.A. 44-1011. The KCCR and Jones appealed from a judgment of the district court which set aside an order of the KCCR and dismissed the complaint of Jones against The Grain Club. Jones had applied for membership in the club and it was denied. Jones asserted that the denial was because he was black. The district court, without an evidentiary hearing, held that the respondent was prejudiced by delay. The finding of prejudice was based on the lapse of thirty-nine months from the date of the alleged act of discrimination to the initial hearing before a KCCR examiner. In discussing the need for an evidentiary hearing, the court stated:

"Our final consideration which is dispositive of this appeal concerns the district court's finding of prejudice without an evidentiary hearing to support the finding. In *Stephens v. Unified School District*, 218 Kan. 220, 546 P.2d 197 (1975), we examined the scope of judicial review provisions in this act as set forth in K.S.A. 44-1011. We concluded that the words of the statute concerning appeal meant what they said. The district court should hear an appeal as a trial de novo. After hearing and evidence on any issue, the district court may affirm the adjudication, may set aside or modify it, or may remand the proceedings to the commission for further disposition. See K.S.A. 44-1011.

. . . .

"On appeal to the district court no evidentiary hearing was attempted; therefore, the transcript of evidence made before the KCCR examiner was not in evidence in the district court. If an evidentiary hearing had been provided in the district court the transcript could have been introduced together with such other evidence bearing on the issue of prejudice." 227 Kan. at 152-153.

In deciding *Jones*, the court was faced with a factual determination made by the trial court without an evidentiary hearing and, it appears, without any review of the KCCR record.

In *Woods v. Midwest Conveyor Co.*, 231 Kan. 763, 648 P.2d 234 (1982), the principal issue before the court was whether the KCCR had the power under the statutes to grant damages for pain, suffering and humiliation. The district court, on appeal from the KCCR, "tried the case de novo from the transcript of the hearing before the Commission and affirmed, adopting the Commission's findings of fact and conclusions of law." 231 Kan. at 764. Although this court reversed and remanded the case on other grounds considerable discussion occurred pertaining to the

right to a trial by jury and the trial de novo requirements of the statute. The court stated:

"The jurisdiction and authority of the district court on review can be no greater than the authority of the KCCR even if the matter is heard on appeal in the nature of a trial de novo. The statute provides that the court shall hear the appeal with or without a jury and the court, in its discretion, may permit additional evidence on any issue. As the statute reads, neither party has an absolute right to introduce additional evidence. 'The review shall be heard on the record without requirement of printing.' . . .

". . . On appeal to the district court under K.S.A. 44-1011 the person aggrieved files 'a written appeal praying that such order be modified or set aside.' This is filed with the clerk of the district court and a copy is sent to the KCCR. Thereupon the record made before the KCCR is forwarded to the district court. No additional pleadings are provided for and it is not clear when a request for jury should be filed. It appears clear from the statute that trial by jury would be at the discretion of the district judge, and the record made before the KCCR would be read to the jury.

"It seems apparent from the statutes that neither the proceedings before the KCCR nor the appeal proceedings before the district court contemplate a truly evidentiary jury trial. Review proceedings on the record supplemented with additional evidence would not appear to be an evidentiary jury trial under constitutional guidelines." 231 Kan. at 774-775.

Again the dicta in *Woods* does not address the precise issue now before the court.

Most recently the nature of the trial de novo under K.S.A. 44-1011 was discussed in *Flanigan v. City of Leavenworth*, 232 Kan. 522, 657 P.2d 555 (1983). In *Flanigan* the issue was the dismissal of an appeal from the KCCR based upon the statute of limitations and delay in bringing the matter to trial in the district court. The court stated:

"Although the matter is, in theory, tried 'anew,' the specter of the first trial looms in the background. Indeed, even though the statute labels the appeal a 'trial *de novo*' the proceedings are still in the nature of a 'judicial review' of the KCCR order. K.S.A. 44-1011. And, as the court stated in *Stephens*, the 'trial *de novo*' is 'limited to those issues fairly raised in an application for rehearing before the commission.' " 232 Kan. at 528.

We also recognized in *Flanigan* that a de novo proceeding under K.S.A. 44-1011 "has elements of both an original action and an appeal" (232 Kan. at 529), and that one of the elements of a valid de novo review, as previously identified in *Stephens*, is an independent examination of the record.

It appears clear from our case law surrounding de novo appeals under K.S.A. 44-1011 that the essence of the action is a review of the KCCR proceedings, a review in which an independent but

thorough examination of the KCCR record is of primary importance. The idea that a reviewing court is materially bound to the record of a lower tribunal is fully supported by other decisions outside the field of civil rights. We have held that a court of error and review, with the power to affirm, reverse, or modify the judgment appealed from, must decide the questions presented *as they arise upon the record;* such being the general character of appellate procedure, a full trial de novo would be an anomaly, and can take place only by virtue of express authority. Statutes purporting to grant the authority to hold trials de novo on appeal are to be strictly construed. See *In re Burnette,* 73 Kan. 609, 85 Pac. 575 (1906). Based on the distinction between original and appellate jurisdiction, we have elsewhere held that where a statute authorizes persons aggrieved by an agency decision to commence an *independent action* to enjoin enforcement of that decision rather than appeal the order, the proceeding is not a review but is an original action calling for full trial de novo *without regard to the record* of the proceedings before the agency. *Atchison, T. & S.F. Rly. Co. v. Public Service Comm.,* 130 Kan. 777, 288 Pac. 755 (1930).

In *Pledger v. Cox,* 626 P.2d 415 (Utah 1981), the Utah Supreme Court stated:

"The words 'de novo,' meaning literally 'anew, afresh, a second time,' . . . have at least two possible interpretations when applied to judicial review of administrative action: '(1) A complete retrial upon new evidence; and (2) a trial upon the record made before the lower tribunal.' . . .

"The meaning of 'trial de novo' in each statute is obviously dictated by the wording and context of the statute in which it appears and by the nature of the administrative body, decision, and procedure being reviewed." p. 416.

In that case, the district courts conducting trials de novo were by statute specifically given the "duty . . . to take testimony and examine into the facts of the case. . . ." *Pledger v. Cox,* 626 P.2d at 417. The Utah Supreme Court held that the clear legislative intent was for the courts to conduct a complete retrial upon new evidence. By contrast, in the earlier case of *D. & R.G.W.R. Co. et al., v. Public Service Commission et al.,* 98 Utah 431, 100 P.2d 552 (1940), the question concerned a statute authorizing plenary review and instructing the courts to proceed as a trial de novo. What the Utah court stated there sheds light on our inquiry in the present case:

"To review an action is to study or examine it again. Thus, 'trial de novo' as used here must have a meaning consistent with the continued existence of that which is to be again examined or studied. If, in these cases, the first meaning were applied to the use of the term 'trial de novo' [(1) a complete retrial upon new evidence] then one could not consistently speak of it as a review, as the Commission's action would no longer exist to be re-examined or re-studied. There would be no reason for making the Commission a defendant to defend something that had been automatically wiped out by instituting the district court action." 98 Utah at 437-38.

The court concluded that use of the term "trial de novo" by the legislature was meant only to increase the scope of the court's review of the agency's record to include questions of fact as well as questions of law; therefore, the legislature had in mind the second meaning of that term: "a trial upon the record made before the lower tribunal."

While we recognized in *Flanigan* that a de novo action under K.S.A. 44-1011 has elements of both an original action and a review, it appears clear that the appellate nature of the proceeding is predominant. This conclusion is evidenced by the legislature's retention of numerous statutory references to "appeal" and "review" even after the addition of the term "trial de novo" in 1965. The change intended to be made by the de novo phrase has been found to be a widened scope of review, now including issues of both law and fact to be determined anew, rather than any sweeping changes in the fundamental nature of the proceeding itself. *Stephens v. Unified School District,* 218 Kan. 220.

Having determined the predominantly appellate nature of proceedings under the statute, and mindful of our earlier holdings that statutes granting de novo powers to courts of review are to be strictly construed, we conclude that the district court lacked the power to compel the witnesses to re-testify before the court as to evidence previously produced before the KCCR and incorporated into that agency's record. To disregard the record on review is to destroy the appellate nature of these actions and engage in an entirely original proceeding for which there is no statutory authorization. The only statutory authority for a departure from the record of the KCCR is discretionary power of the court to allow "additional evidence" on any issue. A repetition of evidence already presented to the KCCR is not additional evidence which under the statute must be something in addition to or more than what is contained in the record. While it might be

cumulative or supplementary in character, the statute contemplates the term "additional evidence" as being something more than a rehash or re-presentation of the original record. Any other construction of the statute would result in the probability that by requiring entirely new testimony the district courts will be unable to duplicate with precision the evidence upon which the KCCR relied in making its decision. Any resulting variation in the evidence would preclude the district courts from making their findings of fact and drawing inferences from the *identical* evidence used by the agency, which we previously regarded as necessary in *Stephens v. Unified School District* and *Flanigan v. City of Leavenworth*. The proceeding would no longer be an appeal and a review of the KCCR action.

We conclude the courts' power under K.S.A. 44-1011 to hear "additional evidence on any issue" does not include the power to disregard, in whole or in part, the agency record by requiring all witnesses to re-testify live before the court. The power to hear additional evidence was included in the statute when it was first enacted, L. 1961, ch. 248, § 8, and is therefore not inherently related to the trial de novo language which was later added, L. 1965, ch. 323, § 7. To now jointly construe those two clauses as permitting disregard of the agency record, in derogation of the overall statutory scheme calling for a review proceeding, is to imbue the "additional evidence" clause with a meaning not intended either when the statute was first enacted or when later amended. The precise scope of permissible additional evidence is not before us in this case and is not necessary to our holding here, other than to note that it does not extend so far as to alter the fundamental nature of the proceeding.

We therefore hold that in a de novo review under K.S.A. 44-1011, the district courts lack the power to compel witnesses to re-testify as to matters produced before, and considered by, the KCCR and incorporated in the record of that agency's prior proceedings. One of the primary duties of the courts in these proceedings is to conduct an independent but thorough examination of the record and make independent findings of fact and conclusions of law based thereon. The reviewing judge may read the record himself or have it read to him, or to the jury if one hears the appeal, in open court. Failure to consider the entire record, as evident in this case, constitutes reversible error. Our

holding should not be construed to preclude a new presentation of the original evidence, or parts thereof, if all parties are agreeable to such a procedure and it is approved by the trial court.

We do not fault the learned trial judge in his desire to hear live testimony and be in a position to assess the candor and credibility of the witnesses. His diligence and desire to have an increased perception of the evidence is laudatory but precluded by the statute.

In closing we note that under our decision in *Woods,* the KCCR is not authorized to order an employer to pay damages for pain, suffering and humiliation as was done in the present case. To that extent, at least, the KCCR order should be modified by the trial court in further proceedings.

The judgment is reversed and the case remanded for a new trial in accordance with the views expressed herein.

SCHROEDER, C.J., dissenting: It is respectfully submitted the decision of the trial court should be affirmed. To hold that the legislature insisted on something *less than a trial de novo* is absurd.

The material portion of K.S.A. 44-1011 reads:

"The court shall hear the appeal by trial *de novo* with or without a jury in accordance with the provisions of K.S.A. 60-238, and the court *may, in its discretion,* permit any party or the commission to submit additional evidence on any issue." (Emphasis added.)

K.S.A. 60-238(*a*) reads:

"*Right preserved.* The right of trial by jury as declared by section 5 of the *bill of rights in the Kansas constitution,* and as given by a statute of the state shall be preserved to the parties *inviolate.*" (Emphasis added.)

This right of a jury trial preserved in the foregoing statute is in the Kansas Constitution and codified in the *code of civil procedure.* It means a trial under the civil code with live testimony, where possible, in accordance with the Kansas Code of Evidence, also incorporated into the Kansas Code of Civil Procedure. If this is true in a trial de novo to a jury, it is also the rule in a trial de novo to the court.

The discretion given the trial court, upon hearing an appeal de novo in a civil rights matter, to permit any party or the commission to submit additional evidence on any issue, should not be construed to limit the trial on an appeal de novo in the district

court to a reconsideration of the transcript of the record made before the commission, as the court has ruled.

The reading of a cold written record does not permit the court or a jury to determine the credibility of witnesses. When jurors in the trial of a case are instructed, they are told it is for them to determine the weight and credibility to be given the testimony of each witness. Assessing the candor and credibility of witnesses is seriously handicapped without seeing the demeanor and hearing the live testimony of the witness. The same is true where a case is tried to the court.

The foregoing interpretation of the statute cannot be altered by precatory language subsequently found in K.S.A. 44-1011, which reads:

"The commission's copy of the testimony shall be available at all reasonable times to all parties for examination without cost, and for the purpose of judicial review of the order. The review shall be heard on the record without requirement of printing."

In *Stephens v. Unified School District,* 218 Kan. 220, 232, 546 P.2d 197 (1975), the court said the above-quoted language in 44-1011 was *"mechanical direction* with a view to economy, and not a nullification of the previously granted authority to take additional evidence." (Emphasis added.)

It could not have been the intention of the legislature to handicap the judges of our trial courts in de novo appeals in civil rights litigation by blindfolding them. Surely, if courts are to administer the law impartially and determine the cause justly, the trier of the facts must be permitted to weigh the evidence presented in the case.

The foregoing interpretation of K.S.A. 44-1011 is the only *interpretation of the statute permissible if the constitutionality of* the statute is to be upheld under the separation of powers doctrine. Where two interpretations of a statute are possible, the one upholding its constitutionality must be adopted. The adjudication of this case in a court of law based upon a trial which requires the determination of the facts anew is a judicial function not a legislative function. A judicial inquiry investigates, declares and enforces liabilities as they stand on present or past facts and under laws supposed already to exist.

Authority for the rule just stated is found in *Stephens v. Unified School District,* 218 Kan. 220, disapproving Syl. ¶ 2 and the corresponding portion of the opinion in *Jenkins v. Newman*

*Memorial County Hospital,* 212 Kan. 92, 510 P.2d 132 (1973), and in the application of the law in *Gawith v. Gage's Plumbing & Heating Co., Inc.,* 206 Kan. 169, 476 P.2d 966 (1970).

The trial court in the instant case heard the matter by weighing the evidence after hearing the testimony of the witnesses who appeared in person, and after considering the record testimony of those who could not appear in person. The evidence before the trial court supported its findings, and the findings supported its judgment. In argument of this case to the court the parties conceded the testimony of the witnesses who appeared before the court was consistent with their testimony before the commission. Therefore, even under the court's theory of the law and its interpretation of K.S.A. 44-1011, the error could not have been prejudicial, and harmless error is no ground for reversal. Accordingly, it is submitted the judgment of the trial court should be affirmed.

McFARLAND, J., joins in the foregoing dissenting opinion.

HERD, J., concurring in part and dissenting in part: I concur with the majority holding pertaining to de novo review of administrative proceedings. However, I dissent from the majority holding following *Woods v. Midwest Conveyor Co.,* 231 Kan. 763, 648 P.2d 234 (1982), which eliminated damages for pain, suffering and humiliation in civil rights actions before the Kansas Commission on Civil Rights (KCCR).

*Woods* effectively emasculated the ability of the KCCR to remedy discrimination by restricting damages to pecuniary loss. Ordinarily, only in employment discrimination with its loss of wages is there pecuniary loss to the victim. In the area of public accommodation and housing where the victim's loss is the pain and humiliation of rejection and ridicule, the KCCR has no remedy.

This is a tragic result. The legislature made a heroic effort to strike a blow at an evil in this society. It provided an inexpensive, readily available administrative body to examine complaints and award damages where justified. Our action in *Woods* crippled that effort. I would reverse *Woods.*

MILLER, J., joins in the foregoing concurring and dissenting opinion.