(698 P.2d 385)

No. 56,670

In the Matter of the Revocation of Driving Privileges of SCOTT D. GANTZ.

Opinion filed April 18, 1985.

*Larry D. Tittel,* of Ness City, for the appellant Scott D. Gantz.

*Brian Cox,* and *William L. Edds,* general counsel, of the Department of Revenue, for the appellee.

Before MEYER, P.J., BRISCOE, J., and CORWIN C. SPENCER, J. Retired, Assigned.

BRISCOE, J.: Scott D. Gantz, the petitioner, appeals a judgment of the district court dismissing his appeal of the suspension of his driver's license for refusal to submit to a chemical test.

The Department of Revenue suspended the petitioner's driver's license for refusal to submit to a chemical test. The petitioner filed a notice of appeal in the district court within 30 days and mailed a copy to the Legal Services Division of the Department of Revenue.

The Department answered with a general denial and moved to dismiss for insufficient service of process, arguing the petitioner had failed to obtain service of process on the Attorney General under K.S.A. 60-304(d)(5). The trial court agreed and dismissed the petitioner's appeal.

The petitioner contends service of process upon the Attorney General is not required in an appeal pursuant to K.S.A. 8-259 to the district court challenging a driver's license suspension.

K.S.A. 8-259 provides in part:

"(a) *Any person denied a license or whose license has been canceled, suspended, or revoked by the division* except where such revocation is mandatory under the provision of K.S.A. 8-254, or any amendments thereto, *shall have the right to file a petition within sixty (60) days thereafter for a hearing in the matter in the district court* in the county wherein such person shall reside, and such court is hereby vested with jurisdiction, and it shall be its duty to set the

matter for hearing upon ten (10) days' written notice to the division and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation, or revocation of license under the provisions of this act: . . . *Provided further*, The trial on appeal as herein provided for shall be a trial *de novo* and the licensee shall have the right of trial by jury upon demand therefor. . . .

"(b) The clerk of any court to which an appeal has been taken under this section shall within ten (10) days after the final disposition of such appeal forward a notification of such final disposition to the division." Emphasis added.

The Department argued, and the trial court ruled, that because a driver's license suspension appeal begins with a "petition" in district court, service of process upon the Attorney General under K.S.A. 60-304(d)(5) is required. The Department also relies on *Lira v. Billings*, 196 Kan. 726, 731, 414 P.2d 13 (1966), where the Supreme Court stated: "K.S.A. 8-259(a) requires a trial *de novo* . . . governed by the rules applicable to civil proceedings in district court. . . ." The Department interprets this statement to mean that the rule governing *service* of a civil action, K.S.A. 60-304(d)(5), must be followed to commence an appeal in district court under K.S.A. 8-259(a).

The petitioner argues that K.S.A. 60-304(d) does not apply because a challenge to a driver's license suspension is an appeal rather than an original action. He contends that K.S.A. 8-259 contains its own notice requirement. The statute provides that after the filing of a petition, it is the court's "duty to set the matter for hearing upon ten (10) days' written notice to the division. . . ."

In our review of other administrative appeal statutes, we note a variety of methods for notifying an agency that an appeal has been taken, *e.g.*, K.S.A. 1984 Supp. 60-2101(d) does not require service of process; K.S.A. 41-323 and 65-1628 require service of process; K.S.A. 2-2452 requires service of a notice of appeal in person or by certified mail; K.S.A. 47-1216 requires service in person or by registered mail; K.S.A. 44-1011 requires that "notice in writing" be "given" to all parties and to the KCCR; K.S.A. 16a-6-108(1), 44-709 and 65-1121 require service of a petition upon the agency; and K.S.A. 1-314, 42-703, 47-833 and 65-438 require service of a notice of appeal upon the agency.

Although the method chosen by the legislature to notify an agency of an appeal varies from statute to statute, we do note

each statute sets forth its method of notification without reference to K.S.A. 60-304.

In construing a statute, the courts should determine the intent of the legislature from general consideration of the entire statute. *State v. Flummerfelt,* 235 Kan. 609, Syl. ¶ 2, 684 P.2d 363 (1984). It is a general rule that a statute should be construed to avoid unreasonable results. *Wells v. Anderson,* 8 Kan. App. 2d 431, 433, 659 P.2d 833, *rev. denied* 233 Kan. 1093 (1983). The courts should not adopt a construction that requires parties to perform vain, idle or useless acts. *In re Adoption of Baby Boy L.,* 231 Kan. 199, 209, 643 P.2d 168 (1982).

K.S.A. 8-259 contains two notice provisions. One requires the court to give notice of hearing and the other requires the court to give notice of disposition. Both require that the notice be given to the Division of Vehicles, not to the Attorney General. Consideration of the entire statute shows that the legislature intended these actions to be appeals, and not original civil actions. Twice in the language of K.S.A. 8-259 the action contemplated under the statute is described as an "appeal." It is also clear that the legislature did not intend to involve the Attorney General in driver's license suspension appeals.

Unless statutorily required to obtain jurisdiction, service of process upon the Attorney General would serve no practical purpose. As stated by counsel for the Department at oral argument, the Department defends driver's license suspension appeals without the entry of appearance or assistance of the Attorney General's office.

Whatever *method* of giving notice of an appeal K.S.A. 8-259 requires, consideration of the entire statute indicates that the notice should be given to the Department, and not to the Attorney General.

What kind of notice must the Department receive? Service of process is not required. When the legislature intends to require service of process upon an administrative agency to commence an appeal to the district court, it includes that requirement in the appeal statute. See K.S.A. 41-323 and 65-1628. K.S.A. 8-259 contains no such requirement.

K.S.A. 60-205 is the only possible statutory source for a requirement of reasonable notice to the Department. Service under K.S.A. 60-205 is sufficient for all pleadings except an "original petition." The statute provides:

"*The method of service* and filing of pleadings and other papers as *provided in this section shall constitute sufficient service* and filing *in all civil actions and special proceedings,* but they shall be alternative to, and not in restriction of different methods specifically provided by law.

"(a) *When required.* Except as otherwise provided in this chapter, every order required by its terms to be served, *every pleading subsequent to the original petition* unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard *ex parte,* and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper *shall be served upon each of the parties.* . . .

"(b) *How Made.* Whenever under this article service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of the court." Emphasis added.

Here, the petitioner's "Notice of Appeal" was not an original petition commencing a civil action. It was a petition for review commencing a special proceeding. By mailing a copy of his notice of appeal to the Department's legal staff, the petitioner complied with K.S.A. 60-205(b) and provided the Department with sufficient notice of his appeal.

K.S.A. 60-205 refers to both "civil actions" and "special proceedings." Only civil actions must commence with service of process. An appeal to the district court from an administrative decision is not the commencement of a civil action. *Kansas Turnpike Authority v. Jones,* 7 Kan. App. 2d 599, Syl. § 1, 645 P.2d 377 (1982). It is "in the nature of a 'judicial review' " of the agency decision. *Flanigan v. City of Leavenworth,* 232 Kan. 522, 528, 657 P.2d 555 (1983). See *Nurge v. University of Kansas Med. Center,* 234 Kan. 309, 315, 674 P.2d 459 (1983).

The "petition" referred to in K.S.A. 8-259 is not a petition commencing a civil action, but a petition for review commencing a "special proceeding" for judicial review of the agency decision. Service of the petition upon the Department pursuant to K.S.A. 60-205 is sufficient; service of process is not required. Although mistitled as a "Notice of Appeal," petitioner's pleading was sufficient to provide notice to the Department of his intention to appeal his suspension to district court.

Reversed.