No. 90,165

CAROLYN PIEREN-ABBOTT, *Appellant*, v. KANSAS DEPARTMENT OF REVENUE, DIVISION OF MOTOR VEHICLES, *Appellee*.

No. 90,530

MICHAEL K. DAY *Appellant*, v. KANSAS DEPARTMENT OF REVENUE, DIVISION OF MOTOR VEHICLES, *Appellee*.

No. 90,531

TONY D. EARLYWINE, *Appellant*, v. KANSAS DEPARTMENT OF REVENUE, DIVISION OF MOTOR VEHICLES, *Appellee*.

106 P.3d 492

Opinion filed February 18, 2005.

*Roger L. Falk*, of Roger L. Falk and Associates, P.A., of Wichita, argued the cause, and *Christopher Hughes*, of the same firm, was with him on the brief for appellant Carolyn Pieren-Abbott.

*Troy V. Huser*, of Huser Law Offices, P.A., of Manhattan, was on the brief for appellants Michael K. Day and Tony D. Earlywine.

*J. Brian Cox*, of Legal Services Bureau, Kansas Department of Revenue, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

LARSON, S.J.: In these three appeals, we must decide if a licensee desiring to appeal to the district court from the administrative suspension of his or her driver's license must serve the Secretary of Revenue with a summons as is specifically required by K.S.A. 8-1020(o).

This issue raises the larger and overriding question of the applicability of the Code of Civil Procedure, K.S.A. 60-101 *et seq.*, to appeals being taken under the authority of the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq.*

Finally, if we decide a summons must be served and the Code of Civil Procedure applies, we must then determine if the filing of an answer to a licensee's petition by the Kansas Department of Revenue (KDR) without raising the contention of insufficiency of process or service of process waives such a defense.

## Factual and Procedural Background

The KDR suspended the driver's license of Carolyn Pieren-Abbott for 1 year when she refused to submit to alcohol intoxication testing. She filed a petition for review of the KDR decision with the Sedgwick County District Court.

The KDR also suspended the driver's licenses of Michael K. Day and Tony D. Earlywine based on their failure of alcohol intoxication testing. Day and Earlywine filed petitions for review of the KDR decisions with the Riley County District Court.

Pieren-Abbott served the KDR with a copy of the petition for review by certified mail but did not serve the Secretary of Revenue

or KDR with a summons or apply for an extension of the time to serve a summons. The KDR answered Pieren-Abbott's petition within 30 days of its filing but did not raise her failure to serve a summons on the Secretary of Revenue as a defense. Several months later, at the pretrial conference, the KDR requested leave to amend its answer to allege Pieren-Abbott failed to serve the Secretary of Revenue or KDR with a summons. The district court did not rule on the request, but the KDR filed a brief arguing the issue. Following a hearing, the district court dismissed Pieren-Abbott's petition for lack of jurisdiction. Pieren-Abbott appealed to the Court of Appeals.

Day and Earlywine served the KDR by mail. Within 21 days of the filing of each petition for review, the KDR filed an answer in each case asserting that neither Day nor Earlywine had served a summons on the Secretary of Revenue or KDR. Over 3 months after the petitions were filed and subsequent to the pretrial conference, both licensees served summonses on the KDR. Following briefing and a hearing, the district court dismissed both petitions for lack of jurisdiction. Day and Earlywine appealed to the Court of Appeals.

The Court of Appeals consolidated all three appeals and reversed both district courts, finding K.S.A. 8-1020(o) does not require service of a summons. *Pieren-Abbott v. Kansas Dept. of Revenue*, 32 Kan. App. 2d 763, 88 P.3d 1236 (2004).

We granted KDR's petition for review of all three cases.

## Court of Appeals' Opinion and Contentions of the Parties

The arguments of the licensees before the Court of Appeals were basically similar. They argued: (1) The Code of Civil Procedure is not controlling in agency actions taken under the KJRA; (2) the commencement of the appeal is governed by the KJRA and, therefore, the lack of a summons does not affect jurisdiction; (3) the KDR has waived any procedural defects by its actions in all three appeals; and (4) requiring the service of a summons in a KJRA matter is compelling the performance of a futile act.

The KDR answered each of these contentions but principally argued that courts are required to follow the plain wording of

K.S.A. 8-1020(o) that after July 1, 2001, requires that an appealing licensee *"shall serve the secretary of revenue with a copy of the petition and summons."* (Emphasis added.) KDR argued the inclusion of this mandatory language when a summons had not previously been required was a change in the law that must be recognized and followed.

As to the applicability of Chapter 60, the KDR pointed to *Pittsburg State University v. Kansas Bd. of Regents,* 30 Kan. App. 2d 37, 36 P.3d 853 (2001), *rev. denied* 273 Kan. 1036 (2002), where provisions of the Code of Civil Procedure were utilized to supplement the KJRA where necessary. The KDR noted *Claus v. Kansas Dept. of Revenue,* 16 Kan. App. 2d 12, 825 P.2d 172 (1991), which held that service requirements under the KJRA are mandatory and petitioners must strictly comply with them. The KDR argued it had not waived the defect of failure to serve a summons as the law required and that the specific statute, K.S.A. 8-1020(o), which requires a summons to be served, was a specific provision governing over any general enactments.

In its *Pierren-Abbott* decision, the Court of Appeals concluded that K.S.A. 8-1020(o) is inconsistent between its first line, which does not require a summons, and its second line, which does. The Court of Appeals further determined that K.S.A. 8-1020 is inconsistent with its own internal reference to other statutes like K.S.A. 8-259, K.S.A. 77-610, K.S.A. 77-613, K.S.A. 77-614, and K.S.A. 77-615 because none of these statutes require a summons. Although K.S.A. 8-1020(p) specifically provides that "[t]o the extent that this section and any other provision of law conflicts, this section shall prevail," the Court of Appeals concluded that 8-1020(o) was inconsistent and did not apply the section as written to effect its mandate requiring a summons to be served on the Secretary of Revenue. 32 Kan. App. 2d at 767-69.

The Court of Appeals relied on the legislative history to support its conclusion that K.S.A. 8-1020(o) does not require a summons. Noting that the legislature intended to enact harsher criminal and administrative penalties for those who drive under the influence of alcohol or drugs, the Court of Appeals stated that the inclusion of only one word, "summons," was not meant to change the jurisdic-

tional requirements for reviewing an administrative decision to suspend a driver's license. The Court of Appeals further supported its conclusion by finding that K.S.A. 8-1020(o) requires a futile act because there is no purpose for serving a summons in judicial review proceedings. 32 Kan. App. 2d at 768. Finally, the Court of Appeals held that, absent a clear statement of intent to require a summons to be served, it would not impose such a condition. 32 Kan. App. 2d at 769. The Court of Appeals did not mention the licensee's waiver argument.

With this history of the three cases prior to our granting of the petitions for review, we turn to the arguments necessary to resolve this appeal.

First we must decide whether K.S.A. 8-1020(o) requires a licensee to serve the Secretary of Revenue with a summons to initiate judicial review of the KDR's decision to suspend his or her driver's license.

This issue requires the interpretation of statutes, and we apply an unlimited standard of review. Appellate courts are not bound by the district court's interpretation. *Cooper v. Werholtz*, 277 Kan. 250, 252, 83 P.3d 1212 (2004). In making our required interpretation, we are obligated to apply and follow rules of construction that govern our decision. We have stated:

"The fundamental rule of statutory construction to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be." *Williamson v. City of Hays*, 275 Kan. 300, 305, 64 P.3d 364 (2003).

"Ordinary words are to be given their ordinary meaning, and a statute should not be so read as to add that which is not readily found therein or to read out what as a matter of ordinary English language is in it. [Citation omitted.]" *GT, Kansas, L.L.C. v. Riley County Register of Deeds*, 271 Kan. 311, 316, 22 P.3d 600 (2001).

" 'When the legislature revises an existing law, it is presumed that the legislature intended to change the law as it existed prior

to the amendment.' [Citation omitted.]" *State v. Gordon*, 275 Kan. 393, 405, 66 P.3d 903 (2003).

"General and special statutes should be read together and harmonized whenever possible, but to the extent a conflict between them exists, the special statute will prevail unless it appears the legislature intended to make the general statute controlling. [Citation omitted.]" *In re Estate of Antonopoulos*, 268 Kan. 178, 189, 993 P.2d 637 (1999).

" 'In construing statutes and determining legislative intent, several provisions of an act in pari materia must be construed together with a view of reconciling and bringing them into workable harmony if possible.' [Citation omitted.]" *State v. Huff*, 277 Kan. 195, 203, 83 P.3d 206 (2004).

"As a general rule, statutes are construed to avoid unreasonable results. There is a presumption that the legislature does not intend to enact useless or meaningless legislation. [Citation omitted.]" *In re M. R.*, 272 Kan. 1335, 1342, 38 P.3d 694 (2002).

K.S.A. 8-1020 and K.S.A. 8-259 establish the district court's jurisdiction over the review of an administrative decision to suspend a licensee's driving privileges for failure or refusal of an alcohol intoxication test. K.S.A. 8-1020 is a comprehensive statute relating to the requirements and procedures for administrative hearings in cases of driver's license suspensions. Subsections (a) through (n) provide in detail for hearing requests, discovery, witnesses, limitation of issues, hearings, and orders. These provisions were previously found in subsections (g), (h), (i), (j), (k), (l), and (n) of K.S.A. 2000 Supp. 8-1002. Subsection (o) grants authority for judicial review of the order entered, and subsection (p) sets forth further requirements for the review. In applicable part, these subsections state:

"(o) The licensee may file a petition for review of the hearing order pursuant to K.S.A. 8-259, and amendments thereto. Upon filing a petition for review, the licensee shall serve the secretary of revenue with a copy of the petition and summons. Upon receipt of a copy of the petition for review by the secretary, the temporary license issued pursuant to subsection (b) shall be extended until the decision on the petition for review is final.

"(p) Such review shall be in accordance with this section and the act for judicial review and civil enforcement of agency actions. To the extent that this section

and any other provision of law conflicts, this section shall prevail. The petition for review shall be filed within 10 days after the effective date of the order."

The remaining portion of subsection (p) relates to venue, requires trial de novo, states the evidentiary rules of subsection (l) do not apply, and instructs the court to determine the petitioner's driving privileges.

While there is no broadly stated reference to the usage of the Code of Civil Procedure in the review process, K.S.A. 8-1020(v) states:

"The provisions of K.S.A. 60-206, and amendments thereto, regarding the computation of time shall not be applicable in determining the time for requesting an administrative hearing as set out in subsection (a) but shall apply to the time for filing a petition for review pursuant to subsection (o) and K.S.A. 8-259, and amendments thereto. 'Calendar day' shall mean that every day shall be included in computations of time whether a weekday, Saturday, Sunday or holiday."

K.S.A. 8-1020(o) references K.S.A. 8-259, which first outlines instances and situations not subject to review (not applicable here) and then states as to reviewable suspensions:

"(a) . . . Such review shall be in accordance with the act for judicial review and civil enforcement of agency actions. In the case of review of an order of suspension under K.S.A. 8-1001 *et seq.*, and amendments thereto, . . . the petition for review shall be filed within 10 days after the effective date of the order and venue of the action for review is the county where the administrative proceeding was held or the county where the person was arrested. In all other cases, the time for filing the petition is as provided by K.S.A. 77-613, and amendments thereto, and venue is the county where the licensee resides." K.S.A. 8-259.

The remaining provisions of K.S.A. 8-259 are strikingly similar to those of K.S.A. 8-1020(p), which were previously summarized.

With both K.S.A. 8-1020 and K.S.A. 8-259(a) referencing the KJRA, we will briefly review its provisions. K.S.A. 77-610 says judicial review is initiated by filing a petition in the appropriate court and payment of the docket fee. K.S.A. 77-614 provides the petition for review shall be filed with the clerk of the court and, within 30 days after service on the agency, a party may file an answer or other responsive pleading, which must be served on all parties to the proceedings.

K.S.A. 77-615 directs the petitioner for judicial review to serve a copy of the petition upon the agency head as required by K.S.A. 77-613(e), which allows for service by mailing, handing to the person to be served, or leaving it at that person's principal place of business or residence. In addition, K.S.A. 77-603(b) states the KJRA creates only procedural rights and duties that are "in addition to those created and imposed by other statutes."

Few statutes have been more constantly amended than those dealing with suspensions of driver's licenses. The right to appeal a suspension was first found in the 1937 session laws, L. 1937, ch. 73, sec. 26, which was the genesis of K.S.A. 8-259. The initial provision required an appeal within 30 days, vested jurisdiction in the district court, required 30 days' notice to the commissioner of motor vehicles, and directed the court to determine the licensee's status.

In 1949, the legislature determined that a person's license could not be suspended pending the outcome of the appeal. L. 1949, ch. 104, sec. 31. However, in 1959, the legislature amended the statute, giving the district court discretion regarding whether the administrative decision to suspend or revoke a license should be stayed pending a final judgment by the district court. L. 1959, ch. 49, sec. 27.

In 1985, K.S.A. 8-259 was amended to specifically require appeals under K.S.A. 8-1001 *et seq.* to be filed within 10 days with a petition captioned with the licensee as plaintiff and the KDR as defendant. The amendment specifically stated: "Service of the petition shall be made on the department pursuant to K.S.A. 60-304(d) and amendments thereto. All subsequent filings and proceedings under this section and the contents of the petition shall be governed by the code of civil procedure." L. 1985, ch. 47, sec. 1. This amendment further stated the trial on appeal shall be de novo and granted the licensee the right of a jury trial upon demand.

The following year most of the above language was stricken, and the cancellation, suspension, revocation, or denial of a person's license was made subject to review in accordance with the KJRA. The appeal was required to be filed within 10 days for suspensions under K.S.A. 8-1001 *et seq.* and in all other cases as provided by

K.S.A. 77-613. Venue was set in the county where the licensee resides; de novo review was continued, as was the right of trial by jury. L. 1986, ch. 318, sec. 16.

The right to a jury trial on appeal was deleted from K.S.A. 8-259 in 1988. L. 1988, ch. 47, sec. 10. Minor amendments were made in subsequent years, mainly relating to exceptions to appeal rights, with the present statute reading as set forth in L. 1994, ch. 353, sec. 3.

Although the legislature has not changed the language in K.S.A. 8-259 which allows the district court discretion in granting a stay of a license suspension pending its final decision, it has changed that process for suspensions due to intoxication testing refusals or failures under K.S.A. 8-1020(o). See L. 2001, ch. 200, sec. 1. When a licensee seeks judicial review of KDR's decision to suspend his or her license based on an alcohol intoxication test refusal or failure, the temporary license issued by the officer upon arrest is automatically extended until the district court's final decision. The district court no longer has discretion based on the licensee's driving record or liability insurance for granting a stay of KDR's suspension order. KDR must extend the temporary license upon receipt of the petition for review and summons. K.S.A. 8-1020(o). This notification by petition and summons establishes the necessity of mandatory action by KDR and is an additional justification for the service of a summons.

A district court's authority to issue orders or judgments requires both subject matter jurisdiction and personal jurisdiction. See *Waterview Resolution Corp. v. Allen*, 274 Kan. 1016, 1023-24, 58 P.3d 1284 (2002). Subject matter jurisdiction is vested by statute and establishes the court's authority to hear and decide a particular type of action. *State v. Hall*, 246 Kan. 728, 757, 793 P.2d 737 (1990), *overruled in part on other grounds Ferguson v. State*, 276 Kan. 428, 78 P.3d 40 (2003); *Micheaux v. Amalgamated Meatcutters & Butcher Workmen*, 231 Kan. 791, 795, 648 P.2d 722 (1982). Personal jurisdiction is the power over a defendant's person which is required before a court can enter a personal or in personam judgment. *Carrington v. Unseld*, 22 Kan. App. 2d 815, 817, 923 P.2d 1052 (1996). Personal jurisdiction may only be acquired by issu-

ance and service of process as prescribed by statute or by voluntary appearance. *Kansas Bd. of Regents v. Skinner*, 267 Kan. 808, 812, 987 P.2d 1096 (1999); *Haley v. Hershberger*, 207 Kan. 459, 463, 485 P.2d 1321 (1971).

Clearly, subject matter jurisdiction exists over appeals from administrative suspensions of driving privileges under K.S.A. 8-259 and K.S.A. 8-1020(o).

However, in order for the district court to acquire personal jurisdiction over the appeal of an administrative appeal of a driver's license suspension, the licensee must satisfy the statutory requirements. The first is to be timely, the second is to give statutorily required notification.

The specific statutorily required notification is that set forth in K.S.A. 8-1020(o). It mandates that "[u]pon filing a petition for review, *the licensee shall serve the secretary of revenue with a copy of the petition and summons.*" (Emphasis added.)

While our duty is to harmonize statutory requirements and the KJRA may have, prior to July 1, 2001, allowed service under K.S.A. 77-613(c) as directed by K.S.A. 77-615, those provisions no longer govern the manner of service of process in an appeal of a driver's license suspension administrative order for an alcohol intoxication test refusal or failure. K.S.A. 8-1020(o) is the controlling statute and must be followed and given its clear meaning.

The rules of statutory construction, which are previously set forth, require such a decision on our part. We do so because:

1. The language is plain and unambiguous. See *Williamson,* 275 Kan. at 305.
2. Summons is an ordinary word which must be given its ordinary meaning. See *GT, Kansas, L.L.C.*, 271 Kan. at 316.
3. Enactment of K.S.A. 8-1020(o) was a specific revision of existing law in K.S.A. 8-259, and the presumption is that the legislature intended to change the law as it existed prior to July 1, 2001. See *Gordon,* 275 Kan. at 405.
4. K.S.A. 8-1020(o) is a specific statute and if there is a conflict with the KJRA, the summons requirement of K.S.A. 8-1020(o) must control. See K.S.A. 8-1020(p); *Estate of Antonopoulos,* 268 Kan. at 189.

5. The commencement of the appeal must be accomplished under K.S.A. 8-1020(o), and the remainder of the proceedings shall be held as the KJRA directs. This amounts to reconciling the provisions and bringing them into workable harmony. See *Huff*, 277 Kan. at 203.
6. Reading the words "and summons" out of K.S.A. 8-1020(o) creates an unreasonable result. Requiring this language to be followed gives meaning and direction to legislative action. See *In re M. R.*, 272 Kan. at 1342.

There is not an inconsistency between the first and second sentences of K.S.A. 8-1020(o). The first sentence grants the right of review, and the second sentence sets forth the required action (serving the Secretary of Revenue with a copy of the petition and a summons) for personal jurisdiction to be obtained over the appeal.

The language of K.S.A. 8-1020(p) that "[t]o the extent that this section and any other provision of law conflicts, this section shall prevail" must be given its clear meaning. The statutory language requiring the issuance of a summons contained in K.S.A. 8-1020(o) is specifically stated to control. The lack of direction in K.S.A. 8-259 and different directions as to the commencement of an appeal in the KJRA must be deemed subservient to this specific statutory instruction. We resolve any conflict by requiring a summons to be issued as the controlling statute directs.

The precise issue we face has not previously been considered, but a somewhat similar appeal almost 20 years ago raised issues on which both the licensees and the KDR have relied. *In re Gantz*, 10 Kan. App. 2d 299, Syl., 698 P.2d 385, *rev. denied* 237 Kan. 887 (1985), held: "The commencement of an appeal in district court from the suspension of a driver's license under K.S.A. 8-259 does not require service of process upon the Attorney General; service upon the Department of Revenue pursuant to K.S.A. 60-205 is sufficient."

The *Gantz* appeal was taken before there was any mention in K.S.A. 8-259 of the KJRA. The licensee had filed the appeal and mailed a copy to the Legal Services Division of the KDR. The KDR moved for dismissal, contending the petitioner had failed to obtain

service of process on the Attorney General under K.S.A. 60-304(d)(5). The trial court agreed with the KDR and dismissed the appeal. The Court of Appeals reversed, stating K.S.A. 60-304(d)(5) did not apply and holding the petition for review under K.S.A. 8-259 is a "special proceeding" and not the commencement of a civil action. The Court of Appeals concluded that the mailing of the petition to the KDR pursuant to K.S.A. 60-205 was sufficient, with service of process not being required.

The licensees seize upon the language of *Gantz* that a driver's license suspension appeal is a special proceeding and argue they have complied with K.S.A. 60-205.

The KDR more persuasively points to the language of *Gantz* that states: "When the legislature intends to require service of process upon an administrative agency to commence an appeal to the district court, it includes that requirement in the appeal statute. See K.S.A. 41-323 and [K.S.A.] 65-1628. K.S.A. 8-259 contains no such requirement." 10 Kan. App. 2d at 301. The KDR then argues that in K.S.A. 8-1020(o), the legislature *has* included a service of process requirement in an appeal statute, which *Gantz* would require to be followed. The language of *Gantz* clearly supports requiring that the licensees' appeals be commenced by following the direction of the controlling statute, K.S.A. 8-1020(o).

It is not correct that the service of a summons has no purpose, as notification of the pendency of the action is required and mandates the KDR to extend a temporary drivers license. K.S.A. 8-1020(o). In addition, the KDR has the obligation under K.S.A. 77-620(a) to, within 30 days from service, forward the agency record to the court for judicial review. There appears to be no requirement for an agency to file an answer, but failing to do so within 30 days risks a default being taken. We, therefore, disagree with the Court of Appeals and conclude that K.S.A. 8-1020(o) requires a licensee to serve the Secretary of Revenue with a summons.

With our conclusion reached that a petition and summons must be served on the Secretary of Revenue, the question then becomes how this must be accomplished. "Summons" is defined in legal matters as "[a] writ or process commencing the plaintiff's action and requiring the defendant to appear and answer." Black's Law

Dictionary 1477 (8th ed. 2004). K.S.A. 60-301 states that upon the filing of a petition, the clerk shall forthwith issue a summons for service upon each defendant in accordance with K.S.A. 60-303.

The licensees argue that provisions of the Code of Civil Procedure in Chapter 60 may not supplement the KJRA because its procedure is complete in itself. This argument fails to recognize that K.S.A. 77-603(b) specifically states that the KJRA creates only procedural rights and duties in addition to those created and imposed by other statutes. The "other" statute in this case is K.S.A. 8-1020(o), which requires the issuance of a summons in order for the review allowed by the KJRA to come into being. To satisfy K.S.A. 8-1020(o), the service of summons must be accomplished. Service of summons is described and directed under the provisions of K.S.A. 60-301 *et seq.* with the methods of doing so established by K.S.A. 2003 Supp. 60-303.

The most recent decision on the interrelation or lack thereof between the KJRA and the Code of Civil Procedure is *Pittsburg State University v. Kansas Bd. of Regents*, 30 Kan. App. 2d 37, 36 P.3d 853 (2001), *rev. denied* 273 Kan. 1036 (2002). *Pittsburg State University* held that K.S.A. 60-210(a) and K.S.A. 60-215(c) supplement the KJRA, the relation back provisions of 60-215(c) were satisfied and amendments relate back to the date of filing, and the failure to comply with the pleading requirements set forth in K.S.A. 77-614(b) precludes a litigant's statutorily granted right of appeal. 30 Kan. App. 2d at 40-45.

The *Pittsburg State University* opinion attempted to limit the extent of its holding when it said:

"It is important to note that we do not suggest that the KJRA should always be supplemented by Chapter 60 rules of procedure. Instead, our application of specific rules of civil procedure to agency appeals is narrowly tailored to (1) require a case caption under K.S.A. 60-210(a) in a petition for judicial review of an agency action, (2) permit amendment to the case caption of a petition for judicial review of an agency action to add or substitute a party under K.S.A. 2000 Supp. 60-215(a), and (3) allow for relation back of an amendment of a case caption of a petition for judicial review if the statutory requirements of K.S.A. 2000 Supp. 60-215(c) are satisfied. We find it necessary to supplement the KJRA with these provisions of Chapter 60 because a case caption is a logical necessity that is not provided for in the KJRA." 30 Kan. App. 2d at 43-44.

The *Pittsburg State University* opinion rejected the holding in *University of Kansas v. Department of Human Resources*, 20 Kan. App. 2d 354, 357, 887 P.2d 1147 (1995), which concluded that the specific pleading requirements of K.S.A. 77-614(b) are not jurisdictional and applied a notice pleading standard. 30 Kan. App. 2d at 44-46. Prior to the *Pittsburg State University* decision, District Court Judge Steve Leben criticized the *University of Kansas* decision, arguing that the KJRA applies a more stringent standard than the Code of Civil Procedure. Leben, *Challenging and Defending Agency Actions in Kansas*, 64 J.K.B.A. 22, 35 (June/July 1995). However, the *Pittsburg State University* court noted that *University of Kansas* was not the only opinion that incorporated a provision from the Code of Civil Procedure into the KJRA. 30 Kan. App. 2d at 39-40. In *Southwest Kan. Royalty Owners Ass'n v. Kansas Corporation Comm'n*, 244 Kan. 157, 166, 769 P.2d 1 (1989), this court noted that K.S.A. 60-252 requires the district court to make separate and distinct rulings for each material fact that its decision relies on.

We agree with *Pittsburg State University* and adopt its holding that the Code of Civil Procedure may be used by the district court to supplement the KJRA if the provision is a logical necessity that is not addressed within the KJRA. In our case, it is necessary to incorporate some provisions of the Code of Civil Procedure to give effect to the service of summons direction of K.S.A. 8-1020(o) and to address the issues of waiver raised by the licensees.

Before we make our final analyses of the failure to serve and waiver issues, we note that the KDR relies on *Claus v. Kansas Dept. of Revenue*, 16 Kan. App. 2d 12, 13-14, 825 P.2d 172 (1991), which holds there is no provision for "substantial compliance" with the notice provisions for administrative appeals relating to driver's license suspensions. The licensee in *Claus* had failed a breathalyzer test and, in appealing, served a copy of the petition for review on the Driver Control Bureau, a subdivision of the KDR, but not on the agency head as required by K.S.A. 77-613(d). *Claus* held that while actual notice was received, the proper service was upon the Secretary of Revenue, strict compliance was required, the Chapter

60 allowance for "substantial compliance" was rejected, and the petition for review was dismissed. 16 Kan. App. 2d at 13-14.

The result and reasoning of *Claus* were approved by our court in *Reifschneider v. Kansas State Lottery*, 266 Kan. 338, 342, 969 P.2d 875 (1998), where we said: "The Court of Appeals' decision in *Claus* regarding strict construction is sound." The provision being strictly applied in *Reifschneider* was K.S.A. 77-613(e) in an appeal involving the Kansas State Lottery. The notification requirement was held to require the Kansas State Lottery to serve notice of its final agency action on the Reifschneiders. 266 Kan. at 342-43.

The requirement of personal service of the notification of suspension of driving privileges under K.S.A. 8-1002(c) was deemed mandatory in *Anderson v. Kansas Dept. of Revenue*, 18 Kan. App. 2d 347, 853 P.2d 69, *rev. denied* 253 Kan. 856 (1993). *Anderson* held that leaving the notice of suspension with the driver's personal belongings that he or she later retrieves does not constitute personal service as required by K.S.A. 8-1002(c). This failure was resolved against the KDR. It was held the driver did not have to show prejudice where not personally served. *Anderson* relied on *Claus* for the proposition that substantial compliance is not applicable to a driver's license suspension appeal. 18 Kan. App. 2d at 353-55.

In this case, all three licensees have argued that provisions of Chapter 60 do not apply. But the licensees contend that if the Code of Civil Procedure does apply, the KDR has entered its appearance as allowed by K.S.A. 60-203(c). The KDR denies making a voluntary entry of appearance but argues the provisions of K.S.A. 60-203 are necessary to supplement the KJRA (as allowed by *Pittsburg State University*) to establish how long a licensee has to secure jurisdiction over the involved state agency, in this case the KDR.

K.S.A. 60-203 provides that a civil action is commenced at the time of filing of the petition if service is obtained within 90 days (120 days if the time is extended for 30 additional days by the court upon a showing of good cause). Without timely service on a defendant, the action is not commenced at the time the petition is

filed because the personal jurisdiction component of the court's authority has not been established.

As we have previously stated, the date of filing the petition for review is critical for determining whether the district court has subject matter jurisdiction. In our case, the language of K.S.A. 8-1020(p) states: "The petition for review shall be filed within 10 days after the effective date of the order." As was stated in *W.S. Dickey Clay Mfg. Co. v. Kansas Corp. Comm'n*, 241 Kan. 744, 749, 740 P.2d 585 (1987): "The rule is well established that the time for taking an administrative appeal, as prescribed by statute, is jurisdictional and delay beyond the statutory time is fatal. [Citations omitted.]"

The record is clear that Pieren-Abbott never served the Secretary of Revenue or KDR with a summons. However, Pieren-Abbott convincingly argues that any defense of lack of service of process or insufficiency of service of process was waived by the KDR's failure to include such defenses in its answer filed 15 days after the filing of her petition for review.

Pieren-Abbott relies on the clear language of K.S.A. 60-212. K.S.A. 60-212(b) provides, in part:

"Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (4) insufficiency of process, (5) insufficiency of service of process . . . ."

K.S.A. 60-212(h) states:

"(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subsection (g) or (B) if it is neither made by motion under this section nor included in a responsive pleading or an amendment thereof permitted by subsection (a) of K.S.A. 60-215 and amendments thereto to be made as a matter of course."

Subsection (g) relates to the consolidation of defenses in a pre-pleading motion, which is not applicable here as no such motion was filed. The KDR did ask at pretrial to amend its answer to allege Pieren-Abbott's failure to serve the Secretary of Revenue with a summons. This request was never ruled on by the district court,

nor was the waiver issue reached by the Court of Appeals' opinion, which held that service of a summons was not required.

Pieren-Abbott argues the plain language of K.S.A. 60-212 and states that the KDR's defense of failure of service of process was waived. Pieren-Abbott relies on *Austin v. Johnston Coca-Cola Bottling Group, Inc.*, 20 Kan. App. 2d 715, 720, 891 P.2d 1143, *rev. denied* 257 Kan. 1091 (1995), which states: "If not raised in an answer or motion, the defense of lack of personal jurisdiction is waived. K.S.A. 60-212(h)(1)."

The KDR argues its defense was not waived, citing *Haley v. Hershberger*, 207 Kan. 459, 465, 485 P.2d 1321 (1971), which held a motion for extension of time to answer or extensions for discovery may not be regarded as waiver of lack of jurisdiction because of insufficiency of process. It must be pointed out that the *Haley* opinion more forcefully states:

"The defense of lack of jurisdiction of the person is waived only when it is not raised by motion or in the answer itself. This is clearly stated by the express terms of K.S.A. 60-212(*h*). The defense is then waived not because of the defendant's voluntary appearance, but because of the failure to assert the defense within the time prescribed by the rules." 207 Kan. at 465.

The KDR did not timely assert its lack of jurisdiction defense to the Pieren-Abbott petition, and such defense, under the precise language of K.S.A. 60-212(h), has been waived.

Although the Court of Appeals reversed the district court's dismissal of Pieren-Abbott's petition based on the wrong reason, it reached the correct result and must be affirmed. A lower court's decision will be upheld on appeal even if the lower court relied on the wrong ground or assigned erroneous reasons for its decision. *Hall v. Kansas Farm Bureau*, 274 Kan. 263, 273, 50 P.3d 495 (2002).

The analysis which saves the Pieren-Abbott appeal does not apply to Day's and Earlywine's petitions for review. The KDR's answer to Day's petition specifically stated: "No summons was attached to the Petition for Review." Likewise, the KDR's answer to Earlywine's petition for review asserts that "Plaintiff failed to serve defendant with a summons as required by law." These answers were filed within 21 days of the date the petitions for review were

filed and gave both licensees notice that the KDR was contesting its service. Thus, the K.S.A. 60-212(h)(1) waiver argument of the Pieren-Abbott appeal does not exist as to the Day and Earlywine appeals.

Day and Earlywine did serve the Secretary of Revenue with summonses, but it was more than 90 days after filing their petitions for review. Relying on *Read v. Miller*, 247 Kan. 557, 802 P.2d 528 (1990), Day and Earlywine argue the district court had personal jurisdiction on the KDR under the provisions of K.S.A. 60-203(b) because the KDR had actual knowledge of the action although service of process was defective.

K.S.A. 60-203(b) states:

"If service of process or first publication purports to have been made but is later adjudicated to have been invalid due to any irregularity in form or procedure or any defect in making service, the action shall nevertheless be deemed to have been commenced at the applicable time under subsection (a) if valid service is obtained or first publication is made within 90 days after that adjudication, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff."

The Court of Appeals' opinion in *Grimmett v. Burke*, 21 Kan. App. 2d 638, 647-48, 906 P.2d 156 (1995), *rev. denied* 259 Kan. 927 (1996), recognized that K.S.A. 60-203(b) is to be liberally construed. *Grimmett* further states:

"We hold that before it can be said that services has 'purported to have been made,' it must be shown that a defendant was given actual notice of having been sued. We also conclude that the following factors should exist: (1) The original service must have 'appeared' to be valid and the returns by the sheriff's office or other process servers must indicate that the service was valid. (2) The record should show that the plaintiff believed in good faith that his or her service was valid and relied on that validity to his or her detriment. (3) The plaintiff had no reason to believe the defendant was contesting service until after the statute of limitations had run, but had no opportunity to take steps to correct the defective service." 21 Kan. App. 2d at 647-48.

These factors limit the application of K.S.A. 60-203(b) in accordance with the legislature's intent to give parties a second chance at service only when the original service was declared invalid despite the fact that it gave the defendant actual notice of

suit. 21 Kan. App. 2d at 647. In *Yoh v. Hoffman*, 29 Kan. App. 2d 312, 315, 27 P.3d 927, *rev. denied* 272 Kan. 1423 (2001), the Court of Appeals indicated that the *Grimmett* factors should only be applied after there has been a judicial determination on the merits of a defense of insufficiency of process or service of process. Here, because the district court formally adjudicated the KDR's improper service of process defense on the merits, the *Grimmett* factors are to be applied to determine if K.S.A. 60-203(b) is applicable.

Day and Earlywine argue that they served summonses on the KDR before the district court ruled that service was improper, so proper service was achieved before the expiration of the 90-day period in K.S.A. 60-203(b). However, neither Day nor Earlywine consider the *Grimmett* factors. They clearly do not qualify for K.S.A. 60-203(b) to apply because there was no original service that appeared to be valid as required by the first *Grimmett* factor, and they fail under the third factor as they were clearly informed that the KDR was contesting service and could easily have served the Secretary of Revenue with summonses before the 90-day period in K.S.A. 60-203(a) had expired.

K.S.A. 60-203(b) does not apply to save Day and Earlywine from their failure to timely establish personal jurisdiction. There was no waiver. The appeal was not timely commenced. The district court properly dismissed both petitions for lack of jurisdiction.

The Court of Appeals decision reversing the Day and Earlywine district court rulings is erroneous and must be reversed.

In summary, the Court of Appeals decision regarding the Pieren-Abbott petition for review out of Sedgwick County District Court is affirmed. The Sedgwick County District Court is reversed. The Pieren-Abbott petition for review is remanded for further consideration on its merits by the Sedgwick County District Court.

As to the Day and Earlywine petitions for review out of Riley County District Court, the Court of Appeals is reversed. The Riley

County District Court's rulings dismissing both appeals are affirmed.

GERNON, J., not participating.

LARSON, S.J., assigned.