NOT DESIGNATED FOR PUBLICATION

No. 116,118

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BLAIRE WAHRMAN,
*Appellant*,

v.

UNIVERSITY OF KANSAS RESIDENCY APPEALS COMMITTEE,
*Appellee*.


MEMORANDUM OPINION


Appeal from Douglas District Court; BARBARA KAY HUFF, judge. Opinion filed May 12, 2017. Affirmed.


*Bruce B. Waugh*, of Overland Park, for appellant.


*Michael C. Leitch*, associate general counsel and special assistant attorney general, for appellee.


Before MCANANY, P.J., MALONE, J., and STUTZMAN, S.J.


*Per Curiam*: Blaire Wahrman applied for classification as a resident for fee purposes beginning in the fall 2014 semester at the University of Kansas (KU). The office of the registrar denied her application. Wahrman appealed to KU's Residency Appeals Committee (the Committee), which also denied her application. She then appealed that decision to the District Court of Douglas County. After considering arguments and memoranda, the district court affirmed the Committee's decision and Wahrman appealed to this court. We find no error and affirm.

1

FACTS AND PROCEDURAL BACKGROUND

On October 17, 2012, Wahrman applied for admission to KU as a freshman. Wahrman then lived and attended high school in Florida. Her application confirmed she was not a Kansas resident.

Wahrman moved to Kansas on May 29, 2013, and lived with her grandmother in Hill City, Kansas. In the following 2 days she registered as a Kansas voter and obtained a Kansas driver's license. During the summer of 2013, Wahrman attended classes at Colby Community College and worked parttime at a nursing home, earning $1,938.96. She moved to student housing in Lawrence in August 2013 and was enrolled as a fulltime student at KU for both the fall 2013 and spring 2014 semesters.

On June 1, 2014, Wahrman applied for classification as a resident for fee purposes beginning with the fall 2014 semester at KU. On her application form, she listed an address in Lawrence as her "Current Address (while attending this institution)," and a "Permanent Address" in Hill City. She stated that she was born in Kansas and lived in Shawnee from April 1995 until October 1997. Thereafter, from October 1997 to May 2013, she lived in Deerfield Beach, Florida. The application represented her current period of physical presence in Kansas began on May 29, 2013, and had been continuous since that date.

Wahrman's application presented an array of information about her activities and status during the year and 2 days she had been in Kansas. Concerning her finances, she stated: she was not claimed as a dependent on her parents' tax returns; did not receive a preponderance of her support from either parent; at least one of her parents filed a Kansas income tax return for the prior year; and she filed a Kansas tax return for 2013 and paid Kansas personal property tax on the vehicle she currently owned or drove.

2

According to the application, since moving to Kansas on May 29, 2013, Wahrman: registered to vote in Hill City, on May 30, 2013; attended Colby Community College from June to August 2013 and earned 6 credit hours as a resident for fee purposes; attended KU from August 2013 to May 2014 and earned 29 credit hours as a nonresident; and was attending Butler County Community College during June and July 2014, from which she anticipated earning 6 credit hours as a resident. Wahrman listed her places of employment as Dawson Place in Hill City and the Cooper Drug Store and Hilgers Family Pharmacy both in Augusta. She answered all questions on the application about her reasons for coming to Kansas, the relationships that connected her to Kansas, how long she planned to remain in Kansas, and her vocational plans once her academic work was completed. Wahrman attached seven exhibits to her application, including a letter from her landlord—her grandmother, who did not charge her rent—and a document explaining her financial support.

In a letter accompanying the application, Wahrman stated she had been born in Kansas but moved away at an early age due to her parents' employment. She wrote that she looked forward to every return to visit family but was unsuccessful in convincing her parents to move back to Kansas. She stated that shortly after becoming an adult and finishing high school, her "dream of returning to Kansas was fulfilled when [she] moved to Hill City, Kansas in May of 2013." She declared her goal was "to enter the field of pharmacy," in furtherance of which she worked at a nursing home in Hill City that summer of 2013, and "took two outreach classes through a local community college to get a head start on [her] college credits." She said she planned to spend "most of the summer [of 2014] in the Wichita metro area," and through connections of family friends formerly from Hill City who now lived in that area, she would be able to take classes through Butler County Community College, work and shadow at two pharmacies in Augusta, and study for the Pharmacy College Admissions Test. Wahrman said she hoped these activities would "be a boost when submitting [her] application to KU's School of Pharmacy in the fall." Finally, she wrote: "Additionally, when my academic work at KU

3

is completed, my preference is to live in Johnson County, Kansas or the Wichita metro area. Hopefully, my summer spent in the Wichita area will help start a network of contacts that will benefit me down the road."

On June 6, 2014, Joy K. Grisafe-Gross, acting on behalf of the Office of the University Registrar, wrote a letter to Wahrman stating that the university had denied her application to be classified as a resident for fee purposes, based on the following: "1. Failure to demonstrate that you are residing in the state for purposes other than educational. 2. Failure to demonstrate intent to make Kansas your permanent home indefinitely." Grisafe-Gross informed Wahrman that she had 30 days to appeal the decision and included an appeal form with the letter. She suggested that Wahrman provide further documentation if she appealed, since the appeals committee used the same criteria to evaluate residency applications.

Wahrman did appeal and, at her request, the Committee adjusted the original hearing date so she could attend. She appeared for the hearing with an attorney, but her application was denied unanimously by three members of the Committee. Nicholas Kehrwald, chairman of the Committee, wrote Wahrman a letter, dated August 27, 2014, informing her of the denial. The letter said the Committee denied her application based on the same factors used by Grisafe-Gross: "1. Failure to demonstrate that you are residing in the state for purposes other than educational. 2. Failure to demonstrate intent to make Kansas your permanent home indefinitely." Kehrwald stated this was KU's final decision, and if Wahrman wanted to appeal the decision, she:

> "[M]ust file a judicial action in the District Court of Douglas County within 30 days from the date you received this letter. You should serve on the University of Kansas a copy of the court filed petition for judicial review by sending the copy to Joy K. Grisafe Gross Fees Specialist 121 Strong Hall University of Kansas 1450 Jayhawk Blvd. Lawrence KS 66045."

4

Notwithstanding the instructions in Kehrwald's letter, Wahrman filed a petition for judicial review in the Shawnee County District Court on October 9, 2014. She contended venue was proper in Shawnee County because "the rules and regulations regarding residency for tuition are promulgated by the Kansas Legislature and the Kansas Board of Regents, both of which are in Shawnee County." The Committee filed a motion to transfer the case to Douglas County, which the court granted.

The Douglas County District Court heard the case and filed its memorandum decision on Wahrman's petition for review on May 16, 2016. The district court affirmed the Committee's denial of resident classification for Wahrman, finding that she had not met her burden to overcome the statutory presumption of nonresidency. Wahrman timely filed a notice of appeal on June 10, 2016.

Prior to submission of briefs, on August 17, 2016, this court issued an order to show cause why the appeal should not be dismissed for lack of jurisdiction. The order was based on the fact that the Committee had filed its decision on August 27, 2014, but Wahrman did not file her petition for judicial review until October 9, 2014, beyond the 30-day time limitation set in K.S.A. 77-613. After responses from Wahrman and the Committee, this court retained the appeal on present showing and ordered the parties to brief the jurisdictional issue, which we consider below.

ANALYSIS

*Jurisdiction*

At the outset, we address the question raised first by the August 2016 show cause order, then later deferred for our decision. Whether jurisdiction exists is a question of law over which we have unlimited review. *Fuller v. State*, 303 Kan. 478, 492, 363 P.3d 373 (2015). If the district court lacked jurisdiction to enter the order appealed from, this court

5

cannot acquire jurisdiction over the subject matter on appeal. *Ryser v. Kansas Bd. of Healing Arts*, 295 Kan. 452, 456, 284 P.3d 337 (2012). When the record shows a lack of jurisdiction, this court has a duty to dismiss the appeal. *State v. Gill*, 287 Kan. 289, 294, 196 P.3d 369 (2008). The parties cannot waive or stipulate to jurisdiction. *Friedman v. Kansas State Bd. of Healing Arts*, 287 Kan. 749, 752, 199 P.3d 781 (2009).

The Kansas Judicial Review Act (KJRA), K.S.A. 77-601 *et seq.* "establishes the exclusive means of judicial review" for any agency actions that fall within its scope. K.S.A. 77-606. Judicial review of a decision by a university's residency committee is an agency action governed by the KJRA. *Peck v. University Residence Committee of Kansas State Univ.*, 248 Kan. 450, 455, 807 P.2d 652 (1991). The critical date for determining whether the district court has subject matter jurisdiction is the date the petition for review is filed. The time allotted in the statute for taking an administrative appeal is jurisdictional, and a delay beyond that statutory time is fatal. *Pieren-Abbott v. Kansas Dept. of Revenue*, 279 Kan. 83, 99, 106 P.3d 492 (2005).

Since no request for reconsideration was made or required, K.S.A. 77-613(b) governs the time for filing a petition for review of the Committee's final order, and the petition must be filed within 30 days after service of the order. "Service of an order . . . shall be made upon the parties to the agency proceeding and their attorneys of record, if any, by . . . mailing a copy of it to them at their last known addresses." K.S.A. 77-613(e). In this case, the Committee's letter notifying Wahrman of its final agency action bore a "Notification Date" of August 27, 2014, and was addressed to Wahrman at the "Current Address" she had listed on her application. The statute states that "[s]ervice by mail is complete upon mailing." K.S.A. 77-613(e). The Committee's letter was not mailed to her attorney.

Wahrman argues that we have jurisdiction and should not dismiss her appeal because: (1) the notice of the Committee's final order incorrectly stated an appeal of the

6

final order must be filed "within 30 days from the date you received this letter"; and (2) the Committee did not serve the order on her attorney. She reasons that the order was never served in accordance with the requirements of K.S.A. 77-613(e), so her appeal should not be rejected because of the Committee's error.

The Committee admits "the language in the letter [about the appeal deadline] does not exactly track the KJRA." That is a correct statement only if "does not exactly track" is taken to mean "is the opposite of." The Committee also counters that Wahrman did not have an attorney of record for it to serve. While the Committee acknowledges the record contains communication with Wahrman about an attorney, it maintains that "it reveals no filing, submission, email, correspondence, or otherwise from any attorney" on her behalf. The Committee also states that although an attorney may have accompanied Wahrman to the hearing, there was nothing in the record stating that the attorney did anything other than accompany her. Finally, the Committee contends that Wahrman's submission of a form granting permission for her attorney to attend her hearing (an authorization pursuant to the federal Family Educational Rights and Privacy Act) did not establish him as attorney of record and, further, there was nothing in the record showing that an attorney provided any contact information that would have allowed the Committee to notify him of its decision. The Committee does not dispute that an attorney did, in fact, appear with her.

Regardless of whether we accept Wahrman's claim that the Committee had an affirmative duty to provide her the *correct* information about the time for appeal, the shortcomings of the Committee's position on that point are made apparent by its struggles for a rationale to excuse it giving her the *incorrect* information. And, in response to Wahrman's second contention, the Committee's attempts to rationalize its failure to serve notice of its decision on the attorney who appeared with Wahrman—which *is* a statutory mandate—are misdirected.

7

The KJRA does not define "attorney of record." The Committee is correct that, routinely, attorneys undertaking representation will give notice of that fact through an entry of appearance in a proceeding or a letter to other people or entities involved in the matter for which they were hired. Why that did not happen here is unclear. Since the Committee has the obligation to serve its decision on an attorney for a student, and it admits Wahrman "informed the University she had an attorney," the Committee was on notice to ask Wahrman whether her attorney was appearing with her so it could comply with that service obligation. Arguing that "there is no evidence" Wahrman's attorney "did anything other than accompany Petitioner to the hearing" gives greater credit to the Committee's hearing notes than is warranted. Although not a proceeding of record, the "evidence" from the hearing fails even to name the members and parties present, so it would not likely detail the level of counsel's participation.

Black's Law Dictionary defines attorney of record as: "The lawyer who appears for a party in a lawsuit and who is entitled to receive, on the party's behalf, all pleadings and other formal documents from the court and from other parties." Black's Law Dictionary 154 (10th ed. 2014). That definition reasonably applies here. The Committee was aware Wahrman intended to appear with an attorney, and she did. The statutory obligation was on the Committee to serve notice on her attorney, and it did not.

Wahrman filed her petition for review within 30 days of her receipt of the Committee's adverse decision, in accordance with the incorrect instruction in the letter. The Committee failed in its obligation to serve *both* Wahrman and her attorney of record. On those facts, we find Wahrman timely filed her petition for review by the district court and we have jurisdiction to proceed to the merits.

*The district court's findings and conclusions were supported by substantial evidence in light of the record as a whole, and was not unreasonable or arbitrary.*

*Standard of review*

Wahrman argues that in affirming the Committee's denial of her application for resident tuition, the district court made findings of fact and conclusions of law that were not supported by substantial evidence and were unreasonable and arbitrary. When reviewing a district court's decision on judicial review, we exercise the same statutorily limited review of an agency action as the district court. See *Clawson v. Kansas Dept. of Agriculture*, 49 Kan. App. 2d 789, 795, 315 P.3d 896 (2013). On appeal, the burden of proving the invalidity of an agency action rests on the party asserting the invalidity. K.S.A. 2016 Supp. 77-621(a)(1); *Milano's Inc. v. Kansas Dept. of Labor*, 296 Kan. 497, 500, 293 P.3d 707 (2013). Although she does not cite either statute, Wahrman relies on the language of K.S.A. 2016 Supp. 77-621(c)(7) and (8), which provide that a reviewing court shall grant relief if:

"(7) the agency action is based on a determination of fact, made or implied by the agency, that is not supported to the appropriate standard of proof by evidence that is substantial when viewed in light of the record as a whole, which includes the agency record for judicial review, supplemented by any additional evidence received by the court under this act; or

"(8) the agency action is otherwise unreasonable, arbitrary or capricious."

K.S.A. 2016 Supp. 77-621(d) further instructs:

"For purposes of this section, 'in light of the record as a whole' means that the adequacy of the evidence in the record before the court to support a particular finding of fact shall be judged in light of all the relevant evidence in the record cited by any party that detracts from such finding as well as all of the relevant evidence in the record, compiled pursuant to K.S.A. 77-620, and amendments thereto, cited by any party that supports such finding, including any determinations of veracity by the presiding officer

9

who personally observed the demeanor of the witness and the agency's explanation of why the relevant evidence in the record supports its material findings of fact. In reviewing the evidence in light of the record as a whole, the court shall not reweigh the evidence or engage in de novo review."

*Statutory and regulatory framework*

The Kansas Board of Regents is tasked by K.S.A. 76-730 with adopting rules and regulations setting criteria for determining the residence of those who enroll at their institutions. Under K.A.R. 88-2-1, the registrar must determine the residence status for fee purposes of each student who enrolls in a regent's institution. K.A.R. 88-2-2 through 88-2-4 establish procedures for the appeal process and the composition of the residence committees. Those regulations also designate an institution's residence committee as the point of final administrative review for appeals.

A person who has been a domiciliary resident of Kansas for at least 12 months prior to enrollment in a term or session at a state educational institution is considered a resident for fee purposes. K.S.A. 2016 Supp. 76-729(a)(1). A "domiciliary resident" is defined as a person who has a "present and fixed residence in Kansas where the person intends to remain for an indefinite period and to which the person intends to return following absence." K.S.A. 2016 Supp. 76-729(d)(4). For fee purposes, K.A.R. 88-3-2 defines residence as:

> "[A] person's place of habitation, to which, whenever the person is absent, the person has the intention of returning. A person shall not be considered a resident of Kansas unless that person is in continuous physical residence, except for brief temporary absences, and intends to make Kansas a permanent home, not only while in attendance at an educational institution, but indefinitely thereafter as well."

This court has previously recognized that:

10

"A key provision of the rules that creates a presumption of nonresidency applies to those who come to Kansas and remain enrolled:

"'If a person is continuously enrolled for a full academic program as defined by the institution where enrolled, it shall be presumed that the student is in Kansas for educational purposes, and the burden shall be on the student to prove otherwise.' K.A.R. 88-3-2(d)." *Lockett v. University of Kansas*, 33 Kan. App. 2d 931, 935-36, 111 P.3d 170 (2005).

K.A.R. 88-3-2(b) prescribes a list of factors that are not to be considered conclusive, but carry probative value to support a claim for resident classification:

"(1) Continuous presence in Kansas, except for brief temporary absences, during periods when not enrolled as a student;

"(2) employment in Kansas;

"(3) payment of Kansas state resident income taxes;

"(4) reliance on Kansas sources for financial support;

"(5) commitment to an education program that indicates an intent to remain permanently in Kansas;

"(6) acceptance of an offer of permanent employment in Kansas;

"(7) admission to a licensed practicing profession in Kansas; or

"(8) ownership of a home in Kansas.

"No factor shall be considered in support of a claim for resident status unless the factor has existed for at least one year before enrollment or re-enrollment."

The Committee considered these factors and denied Wahrman's application for resident tuition because she failed to demonstrate that she was residing in Kansas for purposes other than educational and because she failed to demonstrate intent to make Kansas her permanent home indefinitely. The district court individually assessed each of the eight factors and noted as well the provisions of K.A.R. 88-3-2(c):

"The following circumstances, standing alone, ordinarily shall not constitute sufficient evidence of a change to Kansas residence:

"(1) Voting or registration for voting in Kansas;

"(2) employment in any position normally filled by a student;

"(3) lease of living quarters in Kansas;

"(4) a statement of intention to acquire residence in Kansas;

"(5) residence in Kansas of the student's spouse;

"(6) vehicle registration in Kansas;

"(7) acquisition of a Kansas driver's license;

"(8) payment of Kansas personal property taxes; or

"(9) continuous enrollment in a postsecondary educational institution in Kansas."

The district court recognized that Wahrman's evidence matched up with many of the factors in K.A.R. 88-3-2(c), but observed that "such factors explicitly say they are not conclusive and require the presence of a substantial number of factors set forth in (b)." We add only that the factors met by Wahrman in K.A.R. 88-3-2(c) not only were "not conclusive," but are classified as generally insufficient to show Kansas residence for these purposes.

We have no material dispute with the district court's assessment of Wahrman's evidence or the conclusion that Wahrman failed to rebut the presumption of nonresidency. The decisions by the Committee and the district court were supported by evidence that was substantial, viewed in light of the record as a whole, as that term is defined in K.S.A. 2016 Supp. 77-621(d). There is no basis to support Wahrman's claim that the action denying her resident classification was unreasonable or arbitrary.

Affirmed.